'REC'D JUN - 8 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 3 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA

    Plaintiff(s),

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, AND JERRY MILLS,

    Defendant(s).

and

LEAH ANDERSON and WAYNE MAJORS,

    Counterclaim Plaintiffs,

v.

JERRY MILLS,

    Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of the conference: June 23, 2005, at 9:00 a.m.

Appearances:

    a.    Assistant United States Attorney James S. Russell represented the United States.

    b.    Richard B. Caschette, Esq. represented defendants Leah Anderson and Wayne Majors.

    c.    Steven Janiszewski, Esq. represented defendant Jerry Mills.

d.  Neither Wesley Metzger nor any counsel on his behalf have appeared.

## 2. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff United States alleges that defendant Jerry Mills voluntarily turned over $534,070.00 (subject Funds) to the Douglas County Sheriff's Office, which subsequently turned the subject Funds over to the United States through the Internal Revenue Service. Defendant Mills had alleged that he had, at co-defendants' instructions, received the subject Funds in Las Vegas, Nevada, and kept them entirely in his possession; or, alternatively, that he had initially given the subject Funds to co-defendants and then retrieved subject Funds from them. The United States is taking no action to forfeit or otherwise hold subject Funds, and accordingly has asked this Court to determine how the Funds are to be held and to whom, if anyone, they are to be transferred.

b.  Defendants Majors and Anderson allege that they reported $400,000.00 as stolen and subsequently determined that the full amount allegedly stolen was greater. Defendants Majors and Anderson asked that subject Funds be returned to defendant Anderson. Majors and Anderson deny that Mills' actions in turning over the subject Funds were voluntary, but rather was motivated by Mills' self-interest in protecting himself from criminal prosecution after Anderson had filed a criminal complaint with the Douglas County Sheriff's Office alleging Mills' theft of the subject Funds.

c.  Defendant Mills admits that he voluntarily turned the subject Funds over to Douglas County Sheriff's Office, and asked that the subject Funds, or a reward portion thereof, be returned to him.

d.  Anderson has filed a counterclaim against Mills for civil theft pursuant to C.R.S. §18-4-405.

e. Majors has filed a counterclaim against Mills for breach of contract relating to Mills' refusal to complete payments for or return a 1996 Chevrolet Tahoe owned by Majors.

f. Mills denies these counterclaims and asserts that this court lacks jurisdiction over them.

## 3. UNDISPUTED FACTS

The following facts are undisputed:

a. Jurisdiction is proper for the Complaint.

b. Venue is proper for the Complaint.

c. Defendant Jerry Mills worked with co-defendants Leah Anderson and Wesley Metzger.

d. Defendants Wayne Majors and Leah Anderson are married, and defendants Wesley Metzger and Leah Anderson are brother and sister.

e. Subject currency is currently in the possession of the Internal Revenue Service.

f. Defendants Leah Anderson and Wayne Majors have objected to returning subject Funds to defendant Mills.

g. Defendants Leah Anderson and Wayne Majors changed the exact amount of money they had reported stolen, as they allege new information became available.

h. On or about January 18, 2005, Anderson submitted a letter with attached bank statements and W-2 forms claiming ownership in the subject Funds as paid wages from her employer.

## 4. COMPUTATION OF DAMAGES

a. The United States seeks no damages, but rather for the Court to determine to whom the money is to be transferred and how the money is to be maintained until such

3

transfer occurs. Defendants Leah Anderson and Wayne Majors seek dismissal of the complaint and a judgement in the amount equal to the subject Funds plus interest and costs. Leah Anderson also seeks treble damages and attorney's fees from Mills for civil theft pursuant to C.R.S. §18-4-405. Wayne Majors also seeks damages from Mills for breach of contract relating to a 1996 Chevrolet owned by Majors that is presently possessed without permission by Mills. Defendant Jerry Mills prays that the subject Funds, or a portion thereof, be returned to him, and that the Counterclaims against him be dismissed.

## 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of rule 26(f) meeting.

   June 2, 2005.

b.   Names of each participant and party he/she represented:

   Assistant United States Attorney James S. Russell represented United States, Richard B. Caschette, Esq. represented Leah Anderson and Wayne Majors, and Steven Janiszewski, Esq. represented Jerry Mills. Wesley Metzger has not filed a response in this matter and no attorney has appeared on his behalf.

c.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

   None

d.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

   The parties did comply with the mandatory disclosures requirements of Rule 26(a)(1) on or before June 16, 2005.

4

e.  The parties have agreed to conduct informal discovery as far as possible, including exchanges of documents and joint meetings with clients to discuss settlement.

## 6. CONSENT

All parties have not consented to the exercise of jurisdiction.

## 7. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

July 1, 2005

b.  Discovery Cut-off: January 1, 2006

*b.b Deadline for 28 USC § 636(c) consent to a magistrate judge is Jan. 11, 2006. See LR 72.2*

c.  Dispositive Motion Deadline: February 1, 2006

d.  Expert Witness Disclosure:

   i.  For the United States- None

   ii. For Defendant Mills-    A.  A forensic accountant

   B.  An economist

   iii. For Defendants Leah Anderson and Wayne Majors-

   A.  A rebuttal accountant

e.  Deposition Schedule: *A schedule with dates is to be filed by Aug. 15, 05*

| Name of Deponent | Date of deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Ronnie Chavez | No later than August 15, 2005 | 9:00 a.m. | 3 hours |
| Carla Oachs | No later than August 15, 2005 | 1:00 a.m. | 3 hours |
| Leah Anderson | No later than October 4, 2005 | 9:00 a.m. | 7 hours |
| Wayne Majors | No later than October 5, 2005 | 9:00 p.m. | 7 hours |
| Wesley Metzger | No later than October 6, 2005 | 9:00 a.m. | 3 hours |
| Jerry Mills | No later than October 7, 2005 | 9:00 a.m. | 7 hours |

f.  Interrogatory Schedule:

The parties will submit initial interrogatories no later than August 1, 2005, with responses thereto due 30 days thereafter.

g.  Schedule for Requests for Production of Documents:

Request for production of documents and admission may be submitted with the interrogatories, and responses thereto shall be due with the responses to the interrogatories.

h.  Discovery Limitations:

(1)  Any limits which any party wishes to propose on the number of depositions:

Depositions ~~should~~ are limited to four (4) per party, excluding expert witnesses.

(2)  Any limits which any party wishes to propose on the length of depositions:

Depositions shall not exceed seven (7) hours each.

(3)  Modification which any party proposes on the presumptive numbers of deposition or interrogatories contained in the federal rules: Π has 50 interrogatories, Anderson and Majors together have 35 interrogatories & Mr. Mills has 35 interrogatories. ~~There should be no limit to the number of interrogatories.~~

(4)  Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: Π has 50 requests for production, Anderson + Majors together have 35 requests for production of documents & 35 requests for production for Mills. ~~There should be no limit on the number of requests for production of documents or admissions.~~

(5)  Other Planning or Discovery Orders:

None

**8. SETTLEMENT**

6

The parties certify, that as required by Fed.R.Civ.P 26(f), they have discussed the possibilities for a prompt settlement or a resolution of the case by alternative dispute resolution and other means. They will continue to discuss the matter and will report the results of any meetings thereon to the Magistrate Judge within ten (10) days of such meeting.

## 9. OTHER SCHEDULING ISSUES

a.   A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.

None

b.   Anticipated length of trial and whether trial is to the court or jury.

Three (3) days, trial to the Court.

## 10. DATES FOR FURTHER CONFERENCES

a.   A settlement conference will be held on __Sept 7, 05__ at __3__ o'clock p.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )   Pro se parties and attorneys only need be present.

(X)   ~~Pro se~~ parties, attorneys, and client representatives with full authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

[X]   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before ___9-1-05___ outlining the facts and issues in the case and the party's settlement position.

b.   Status conferences will be held in this case at the following dates and times:

_August 25, 05   9:30 am_
_Courtroom A-501_

c.   A final pretrial conference will be held in this case on _March 31, 06_ at _Courtroom A-501_. _10:35_ o'clock _a_.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

## 12. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 23rd day of June 2005.

                                                      BY THE COURT:

                                                     */s/ signature*
                                                     United States Magistrate Judge

APPROVED:

/s/ James S. Russell
James S. Russell
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
(303) 454-0100
Attorney for Plaintiff

10

APPROVED:

_____
Richard B. Caschette, Esq.
Starrs Mihm & Caschette, LLP
1675 Broadway, Ste. 1800
Denver, Colorado 80202
(303) 593-5900
Attorney for defendants
Leah Anderson and Wayne Majors

APPROVED:   _____
Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
(303) 298-7392
Attorney for defendant Jerry Mills