## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-637-REB-PAC

**UNITED STATES OF AMERICA**

      Plaintiff,

v.

**LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER,
and JERRY MILLS,**

      Defendants.

___

### DEFENDANT JERRY MILLS' INITIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS LEAH ANDERSON
___

**COMES NOW** Defendant Jerry Mills, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and pursuant to F.R.C.P. 33 and 34 submits his initial discovery requests to Leah Anderson.

### INSTRUCTIONS AND DEFINITIONS

1. You must answer these interrogatories under oath, within thirty days. Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible. Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found. Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that

information. Your answers to these interrogatories must be verified, dated, signed, and notarized. You may wish to use the following form at the end of your answers: "I declare under penalty of perjury that the foregoing answers are true and correct."

(DATE)_____ (SIGNATURE)_____

2. The words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(b) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

(c) **DOCUMENT** is defined as in F.R.C.P. 34(a), which definition is incorporated by reference. The term shall include, but is not limited to, a writing, a defined in CRE 1001 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.  (f) **ADDRESS** means the street address, including the city, state, and zip code.

### INTERROGATORIES

1. State:

    (a)    your name;

    (b)    every name you have used in the past;

    (c)    the dates you used each name.

2. State the date and place of your birth.

2

3. During the time you were allegedly accumulating the cash at issue in this case, did you have a driver's license?    If so, state:

        (a)    the state or other issuing entity;

        (b)    the license number and type;

        (c)    the date of issuance;

        (d)    all restrictions.

4. During the time that you were allegedly accumulating the cash at issue, were you acting as an agent or employee for any **PERSON**?

    If so, state:

        (a)   the name, **ADDRESS**, and telephone number of that **PERSON**;

        (b)   a description of your duties.

        (c)   your salary or wage.

5. During the time that you were allegedly accumulating the cash at issue, did you or any other person have any physical, emotional, or mental disability or condition, or any legal liability that may have caused you to accumulate so much cash?

    If so, for each person state:

        (a)    the name, **ADDRESS**, and telephone number;

        (b)    the nature of the disability, condition, or legal liability;

        (c)    the manner in which the disability, condition, or legal liability contributed to your alleged accumulation of cash.

6. As to the cash that you allegedly accumulated and stored at Wesley Metzger's house, state:

        (a) the amount of cash accumulated;

(b) the source or sources of the cash that you allegedly accumulated;

(c) the date that you began accumulating the cash at issue in this case;

(d) the bank or banks that converted checks to cash and small bills to hundred dollar bills you;

(f) the dates that checks and small bills were converted to hundred dollar bills for you;

(g) whether or not the hundred dollar bills were banded by the bank or banks that converted the checks and small bills to hundred dollar bills for you;

7. State:

(a) your present residence **ADDRESS**;

(b) the rent for that residence;

(c) your residence **ADDRESSES** for the last five years;

(d) the rent for those residences;

(c) the dates you lived at each **ADDRESS**.

8. State:

(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment;

(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before you started accumulating the cash at issue in this case until today;

(c) the salary or wage you received at each of these jobs.

4

9. State:

    (a)   the name and **ADDRESS** of each school or other academic or vocational institution you have attended beginning with high school;

    (b)   the dates you attended;

    (c)   the highest grade level you have completed;

    (d)   the degrees received.

10. Have you ever been convicted of a felony, misdemeanor; petty offense, or any Federal offense?

    If so, for each conviction state:

    (a)   the city and state where you were convicted;

    (b)   the date of conviction;

    (c)   the offense;

    (d)    the court and case number.

11. Are you currently involved in any pending investigation for state or federal tax evasion?

    If so, for each investigation please state:

    (a) the city and state where you are being investigated;

    (b) the date the investigation began;

    (c) the offense being investigated;

12. Have you been a party in any civil lawsuits in the past five years?

    If so, state for each lawsuit:

    a. the jurisdiction and court;

    b. the case number;

  (c) your designation (Plaintiff, Defendant, etc.)

  (d) the subject matter;

  (e) the resolution.

13. State the name, **ADDRESS**, and telephone number of each individual:

  (a) who witnessed your alleged accumulation of the cash at issue in this case;

  (b) who assisted you in any way to accumulate the cash;

  (c) who made or heard any statements made about your alleged accumulation of the cash by any individual;

  (d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claims to have direct personal knowledge of your alleged accumulation of the cash at issue.

  14 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any receipts; bank statements, W-2 forms, 1099 forms, income tax returns, photographs, films, video tapes, or audio tapes that would tend to document your alleged accumulation of the cash at issue in this case?

  If so, IDENTIFY

   (a) the receipts,

   (a) the bank statements;

   (b) the W-2 forms;

   (c) the 1099 forms,

   (d) the income tax forms;

   (e) the photographs;

   (f) the films, video tapes, or audio tapes;

6

15. As to your allegation in paragraph 2 of your Counterclaim against Mills, that "The interpleaded funds were earned and paid to Leah Anderson as wages represent her personal savings,"

    (a)   state all facts upon which you base that allegation;

    (b)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts;

    (c)   identify all **DOCUMENTS** and other tangible things which support the allegation, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

16. As to your allegation that Mills stole over $500,000 belonging to Leah Anderson, in paragraph 7 of your Counterclaim against Mills,

    (a)   state all facts upon which you base that allegation;

    (b)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts;

    (c)   identify all **DOCUMENTS** and other tangible things which support the allegation, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

17. As to your allegation that Mills fabricated a story of how he came into possession of the interpleaded funds at the time he turned the money over to the Douglas County Sheriff's Office, in paragraph 12 of your Counterclaim against Mills,

    (a)   state all facts upon which you base that allegation;

    (b)   state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have direct personal knowledge of those facts;

(c)  identify all **DOCUMENTS** and other tangible things which support the allegation, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

18. During the time you were allegedly accumulating the cash at issue in this case, did you own any vehicles?

If so, for each vehicle, state:

(a) the year, make, and model;

(b) the dates that you owned it;

(b) the amount paid for it;

(c) the person who or entity that paid for it.

19. During the time you were allegedly accumulating the cash at issue in this case, did you enjoy the use of any vehicles that were not owned by you in your name?

If so, for each vehicle, state:

(a) the year, make, and model;

(b) the dates that you used it;

(c) the person who or entity that owned it.

20. During the time you were allegedly accumulating the cash at issue in this case, did you have any living expenses?

If so, IDENTIFY each living expense, and for each state:

(a) the amount paid each month for it;

(b) the person who or entity that paid for each of your living expenses.

21. During the time you were allegedly accumulating the cash at issue in this case, did you purchase any luxury items, such as jewelry, furs, vacations, or works of art?

If so, IDENTIFY each luxury item and for each state:

(a) the amount paid for it;

(b) the person who or entity that paid for it.

22. During the time you were allegedly accumulating the cash at issue in this case, did you have any bank accounts?

If so, for each account please state:

(a) the bank;

(b) the names on the account;

(b) the type of account and the account number;

(c) the dates that the account was open;

(d) whether or not you used the bank to convert checks and small bills into hundred dollar bills.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all documents that you identified in response to the interrogatories above.

2. Produce all W-2 forms, 1099 forms, bank statements, receipts, photographs, and or any other documents that tend to support your claim that you saved up and stored in Wesley Metzger's house the exact same cash that was turned into the Douglas County Sheriff's office by Jerry Mills.

3. Produce a copy of the Marriage License for your marriage to Wayne Majors.

Dated: August 1, 2005

RESPECTFULLY SUBMITTED,

_____
Steven Janiszewski
***RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS***
7979 East Tufts Avenue Parkway, Suite 1300
Denver, Colorado 80237
Phone: (303) 298-7392
Fax:    (303) 298-1319
ATTORNEY FOR DEFENDANT JERRY MILLS

## CERIFICATE OF SERVICE

I hereby certify that on August 1, 2005, a true and correct copy of the foregoing **DEFENDANT JERRY MILLS' INITIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS LEAH ANDERSON** was served upon parties and addressed as follows:

James S. Russell
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202

Richard B. Caschette
STARRS MIHM & CASHETTE, LLP
1675 Broadway, Suite 1800
Denver, Colorado 80202
Attorney for Defendants Majors and Anderson

Service was by:

☐ U. S. Mail postage pre-paid    ☐ Hand Delivery    ☐ Federal Express

☒ Electronically (via ECF)    ☐ Facsimile    ☐ Overnight    ☐ Private Courier

_____
Steven Janiszewski

10