IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

     Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

     Defendants.

---

## MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

Defendants / Cross-Claimants Wayne J. Majors ("Majors") and Leah M. Anderson ("Anderson"), through their attorneys Richard B. Caschette, Ross W. Pulkrabek, and Justin G. Blankenship of the law firm Starrs Mihm & Caschette LLP, move pursuant to Fed.R.Civ.P. 56 for entry of summary judgment in Majors's favor for $534,070 in funds interpleaded by the United States of America, together with any accrued interest.

## I.    SUMMARY

The United States of America filed this case as an interpleader action under Fed. R. Civ. P. 22 and 28 U.S.C. § 1335. The interpleaded property consists of $534,070 in U.S. currency, which has been deposited into the Court registry. The United States named four individuals as potential claimants to the interpleaded funds: Majors, Anderson, Wesley Metzger ("Metzger") and Jerry Mills ("Mills"). Metzger has not appeared in this case and does not assert an interest in the funds.

Mills admits that he has no ownership interest in the interpleaded funds and says he stole them from Majors.  Therefore, the Court should enter summary judgment for the interpleaded funds, plus any accumulated interest, in favor of Majors.

## II.    BURDEN OF PROOF

Interpleader is a device for adjudicating the respective rights of multiple claimants to the interpleaded property.  *See* 28 U.S.C. § 1335; Fed.R.Civ.P. 22; *see also* Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d §1702 (West 1986).  In an interpleader action, each claimant is considered a plaintiff and bears the burden of proving his right to the interpleaded property by a preponderance of the evidence.  *See Connecticut Car Rental, Inc. v. Prime One Capital Co.,* 247 F. Supp. 2d 158, 164 (D. Conn. 2003); *Consolidated Underwriters of South Carolina Ins. Co. v. Bradshaw,* 136 F. Supp. 395, 397 (D. Ark. 1955); *Phoenix Mut. Life Ins. Co. v. Reich,* 75 F. Supp. 886, 889 (D. Pa. 1948).  Thus, Majors and Mills each bear the burden of proving that his respective right to the funds is superior to that of the other claimants.

## III.   ELEMENTS OF CLAIMS

The claims at issue in this case are not easily divided into elements.  As stated above, Majors and Mills each must prove that their respective right to the interpleaded funds is superior to that of the other claimants.

It is hornbook law that any "possessory interest" that a thief may claim in property he has stolen is subordinate to the rights of the owner.  *See Terry v. Enomoto,* 723 F.2d 697, 699 (9th Cir. 1984).  Moreover, in an interpleader action involving stolen money in which the thief and a group of his victims are named as claimants, the thief clearly is not entitled to the interpleaded money regardless of whether there is a dispute as to exactly which victim rightfully owns the

particular currency that has been interpleaded. *See United States v. Central Nat'l Bank,* 429 F.2d 5, 7 (8th Cir. 1970).

## IV. MATERIAL UNDISPUTED FACTS IN SUPPORT OF ANDERSON'S CLAIM TO THE INTERPLEADED FUNDS

Without admitting or denying any facts, and for purposes of this motion for summary judgment only, Anderson and Majors submit the following list of undisputed facts based on admissions by Mills in pleadings and responses to discovery requests and on statements made by Mills to law enforcement authorities:[1]

1.      Mills worked for Majors.  *See* Complaint for Interpleader and Injunctive Relief ¶ 4 [docket # 1] (Apr. 5, 2005) (hereinafter "Complaint"); Defendant Jerry Mills' Answer and Cross Claims ¶ 4 [docket # 13] (May 11, 2005) (hereinafter "Mills' Answer"); s*ee also* Internal Revenue Service Criminal Investigation Memorandum of Interview ¶¶ 2, 7 (Jan. 25, 2005), attached as Ex. A.

2.      Majors and Anderson are married.  *See* Complaint ¶ 4; Mills' Answer ¶ 4.

3.      In mid- to late-December 2004, at Majors's direction, Mills traveled to Las Vegas, Nevada, and was given a box to take back to Majors.  *See* Complaint ¶ 6; Answer ¶ 6; *see also* Ex. A ¶ 9 (Mills' statements to the IRS discussing in detail his alleged trip to Las Vegas, Nevada, allegedly at the direction of Mills).

_____

[1] Majors and Anderson dispute Mills's account that he stole the interpleaded funds from Majors.  Their position is that Mills actually stole the money from Anderson.  *See* Answer [Docket # 10] (May 2, 2005).  Because Majors and Anderson are married, however, it is simply immaterial—both for practical purposes and as a matter of law—which of them is awarded the interpleaded funds.

4.      On his way back to Douglas County, Colorado, Mills opened the box and determined that it contained over a million dollars.  *See* Complaint ¶ 6; Answer ¶ 6.

5.      Instead of delivering the box of money to Majors, Mills "chose to use some of the money for his own purposes."  Complaint ¶ 6; Answer ¶ 6; *see also* Ex. A ¶¶ 14-19, 23-24, 26-28 (Mills' statements to the IRS regarding how he spent several hundred thousand dollars of the money he stole in less than three weeks).

6.      On or about January 10, 2005, or January 13, 2005, after Majors and Anderson made a report of stolen property, the Douglas County Sheriff's Office recovered $534,070 from Mills and various people to whom he had given the stolen money.  *See* Complaint ¶ 6; Answer ¶ 6; s*ee also* Excerpt from Videotaped Interview of Jerry Mills by Douglas County Sheriff's Department (Jan. 13, 2005) (identifying some of the stolen money), attached as Ex. B.[2]

7.      During a videotaped interview, Mills told Detective Ronnie Chavez of the Douglas County Sheriff's Office that he took the money from Majors.  *See* Ex. B.  Specifically, the following exchange occurred between Detective Chavez and Mills:

Detective Chavez: Okay, and where did you get this [money] from?

Mills: From J. Majors [Defendant Wayne J. Majors].

Detective Chavez: Okay, and during what course of action---how did you get that?

Mills: I picked up a bundle in Vegas for him and brought it back, and it contained $1.1 million, and I took it.

*Id.*

---

[2] The excerpt from the videotape of Mills's interview with Detective Chavez can be viewed using Adobe Acrobat Reader.  In the event the Court has any difficulty viewing the videotaped interview as submitted, undersigned counsel will be happy provide the Court with excerpts of the interview on CD-ROM.

8.      Mills also confessed during the videotaped interview, "I know it is not my money, you know, and I know I have no right to it."  Excerpt from Videotaped Interview of Jerry Mills by Douglas County Sheriff's Department (Jan. 13, 2005), attached as Ex. C.

9.      On January 28, 2005, the Douglas County Sheriff's Office requested the Internal Revenue Service Criminal Investigation Division to take possession of the money and determine whether it was subject to forfeiture under federal law.  *See* Complaint ¶ 7; Answer ¶ 7.

10.      The United States decided not to proceed with forfeiture of the interpleaded funds. *See* Complaint ¶ 12; Answer ¶ 12.

11.      Mills admits that he has no ownership interest in the interpleaded funds.  *See* Jerry Mills' Response to Leah Anderson's and Wayne Majors' First Set of Discovery, Answer to Request for Admission No. 1 & Answer to Interrogatory No. 1 (July 5, 2005), attached as Ex. D.

12.      Mills instead asserts what he calls a "possessory interest" based on the fact that he possessed the funds after he stole them and before the Douglas County Sheriff's Department recovered them.  *See id*.

13.      The Court may take judicial notice that, although Metzger is named as a co-defendant, he has not filed an answer to the United States's Complaint, nor has he otherwise asserted a claim to the interpleaded funds in this action.

## V.      FACTS THAT MILLS CANNOT ESTABLISH IN SUPPORT OF HIS CLAIM TO THE INTERPLEADED FUNDS.

Facts that Mills cannot establish in support of his claim to the funds are as follows:

1.      Mills cannot establish that he owns the interpleaded funds.  In fact, Mills admits that he does not have an ownership interest.  *See* Ex. D, Answer to Request for Admission No. 1.

2.      Mills cannot establish that his interest in the interpleaded funds is superior to that of all other claimants.  Mills admits that he was supposed to deliver the funds to Majors and, instead, converted them to his own use.  *See* Complaint ¶ 6; Mills' Answer ¶ 6, at 5; Ex. B.

3.      Mills cannot even prove that his "possessory interest" in the interpleaded funds was legitimate.  Mills openly admits that his possession of the funds was illegal.  *See* Complaint ¶ 6; Mills' Answer ¶ 6, at 5.  Mills states that he stole the interpleaded funds from Majors.  *See* Ex. B; *see also* Ex. A ¶¶ 9, 13.  During a videotaped interview, Mills confessed, "I know it's not my money, you know, and I know I have no right to it."  Ex. C.

## VI.    ARGUMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials in her pleadings, but must set forth "affirmative evidence" showing there is a genuine issue of material fact for trial.  *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986).

Majors is entitled to summary judgment for the interpleaded funds, plus any accrued interest.  Mills says that he stole the funds from Majors.  Therefore, assuming Mills's version of the facts to be true for purposes of this motion for summary judgment, the Court should enter judgment for the funds in favor of Majors.

Mills certainly has no right to the interpleaded funds.  He candidly admits that he has no ownership interest in the funds and states that he stole them from Majors.  *See* Ex B.  Mills even

confessed to the Douglas County Sheriff's Department, "I know it's not my money, you know, and I know I have no right to it."  Ex. C.

## VII.    CONCLUSION

For purposes of this motion for summary judgment, Majors and Anderson have accepted as true Mills's statement that he stole the funds from Majors.  The Court therefore should enter summary judgment in favor of Wayne Majors for the full amount of the interpleaded funds, together with any accrued interest.

Dated August 26, 2005.


s/ Ross W. Pulkrabek
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone:  (303) 592-5900
Fax:  (303) 592-5910
rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com


*Attorneys for Defendants Leah Anderson and Wayne Majors*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2005, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following e-mail addresses:

James S. Russell
Assistant United States Attorney
US Department of Justice
1225 17th Street, Suite 700
Denver, Colorado 80202
James.Russell2@usdoj.gov

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, Inc.
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
sjaniszewski@riggsabney.com

s/ Ross W. Pulkrabek
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone:  (303) 592-5900
Fax:  (303) 592-5910
rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com

*Attorneys for Defendants Leah Anderson
and Wayne Majors*