IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

    Defendants.

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26(c), Defendants Leah Anderson ("Anderson") and Wayne Majors ("Majors"), through their counsel Richard B. Caschette, Ross W. Pulkrabek, and Justin G. Blankenship of Starrs Mihm & Caschette LLP, move this Court for entry of a protective order in the form submitted herewith limiting access to and use of transcripts of the depositions of Leah Anderson, Wayne Majors, and Jerry Mills.

### CERTIFICATION

Counsel for Anderson and Majors certify pursuant to Fed.R.Civ.P. 26(c) and D.C.COLO.LCivR 7.1(A) that they have conferred with counsel for Plaintiff United States of America ("Government") and Defendant Jerry Mills ("Mills") regarding this motion. The Government and Mills do not oppose this motion. Co-defendant Wesley Metzger has not appeared in this action.

## FACTS

Mills has noticed the depositions of Anderson and Majors to take place on September 23, 2005. Anderson and Majors have noticed Mills's deposition for October 6, 2005. Plaintiff, through its counsel, has stated that it will not be attending those depositions.

The Government currently is conducting a criminal investigation of Anderson and Majors in California. Mills was and may still be the subject of a criminal investigation by the Douglas County, Colorado, Sheriff's Department. It is probable that Anderson, Majors, and Mills will be asked questions during their depositions that pertain to the aforementioned criminal investigations.

## ARGUMENT

Entry of a protective order under Fed.R.Civ.P. 26(c) is an appropriate means to limit the government from accessing discovery taken in a civil action and using it in a criminal matter. *Cf. Degen v. United States,* 517 U.S. 820, 826 (1996) (discussing the use of protective orders to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases); *United States v. Stewart,* 872 F.2d 957, 963 (10th Cir. 1989) (holding that the district court had authority to enter a protective order restraining a criminal defendant from using civil discovery to circumvent the more restrictive discovery rules applicable to criminal matters); *Mid-America's Process Service v. Ellison,* 767 F.2d 684, 687 (10th Cir. 1985) (holding that the district court had discretion to enter a protective order limiting government access to civil discovery).

> [T]he vital function of a protective order . . . is to 'secure the just, speedy, and inexpensive determination of civil disputes . . . by encouraging full

> disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice. Unless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences. In short, witnesses might be expected frequently to refuse to testify pursuant to protective orders if their testimony were to be made available to the Government for criminal investigatory purposes in disregard of those orders.

*Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291, 296-97 (2d Cir. 1979). For good cause shown, the Court may enter a protective order providing that discovery be had on specified terms and conditions. *See* Fed.R.Civ.P. 26(c).

Here, Anderson and Majors are the targets of a pending criminal investigation by the Government. Similarly, the Douglas County Sheriff's Office was, at least earlier this year, investigating Mills for his conduct at issue in this case. The instant action, however, is a civil matter directed solely to the disposition of funds that have been deposited into the court's registry. While Anderson and Majors challenge the legitimacy of any criminal investigation against them, the threat alone of criminal prosecution is oppressive and creates a substantial risk that the civil deposition could be improperly used in the criminal investigation. Furthermore, the risk of criminal investigation will likely cause one or more civil parties to refuse to answer questions on Fifth Amendment grounds and create the need for motions to compel. Entry of a protective order limiting governmental access to the civil deposition testimony of Anderson, Majors, and Mills will facilitate the just, speedy, and inexpensive resolution of this action without prejudicing any person in the above-mentioned criminal investigations.

The Government's only interest in this interpleader action is eliminating its exposure to multiple liability for the interpleaded funds.  *See* Fed.R.Civ.P. 22(1).  The Government will not be attending any of the depositions in this case, nor does it object to the relief sought in this motion.  By so doing, the Government evidently concedes that it would not be proper for it to participate in the depositions of Anderson, Majors, and Mills, given that it has no stake in the outcome of this action and that it would be obtaining information that it could not regularly access under more restrictive laws applicable to discovery in criminal cases.  *Compare* Fed.R.Crim.P. 16 (setting forth the limited discovery obligations in criminal cases) *with* Fed.R.Civ.P. 26(b)(1) (allowing discovery that is "reasonably calculated to lead to the discovery of admissible evidence").  Access to the transcripts of the depositions of Anderson, Majors, and Mills, therefore, should be limited to Anderson, Majors, Mills, and their respective counsel for use in this civil action only.

WHEREFORE Defendants Leah Anderson and Wayne Majors respectfully request that this Court enter a protective order in the form submitted herewith limiting access to and use of transcripts of the depositions of Leah Anderson, Wayne Majors, and Jerry Mills in this civil action only.

Dated September 13, 2005.

4

s/ Ross W. Pulkrabek  
Richard B. Caschette  
Ross W. Pulkrabek  
Justin G. Blankenship  
STARRS MIHM & CASCHETTE LLP  
1675 Broadway, Suite 1800  
Denver, CO 80202  
Phone:  (303) 592-5900  
Fax:  (303) 592-5910  
rcaschette@starrslaw.com  
rpulkrabek@starrslaw.com  
jblankenship@starrslaw.com  

*Attorneys for Defendants Leah Anderson and Wayne Majors*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

James S. Russell
Assistant United States Attorney
US Department of Justice
1225 17th Street, Suite 700
Denver, Colorado 80202
James.Russell2@usdoj.gov

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, Inc.
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
sjaniszewski@riggsabney.com

                                              s/ Ross W. Pulkrabek
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone: (303) 592-5900
Fax: (303) 592-5910
rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com

*Attorneys for Defendants Leah Anderson and Wayne Majors*