IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, AND JERRY MILLS

        Defendant(s).

_____

**UNITED STATES' UNOPPOSED MOTION FOR
PARTIAL JUDGMENT AS TO THE UNITED STATES ONLY**

_____

        COMES NOW the United States of America, by and through Assistant United States Attorney James S. Russell, and with the concurrence of defendants' counsel, moves for a Judgment granting the prayers of the United States, and allowing the United States to participate no further in this matter.

**STATEMENT OF THE CASE**

        1.  In  January 2005 defendant Jerry Mills voluntarily turned over to the Douglas County Colorado Sheriff's Office the subject $534,070.00.  On January 28, 2005 the Douglas County Sheriff's Office transferred the funds to the Internal Revenue Service.  Defendant Jerry Mills indicated that he had had dealings with defendants Leah Anderson, Wayne Majors, and Wesley Metzger, and defendants Leah Anderson, Wayne Majors, and Jerry Mills, all through counsel were requesting that the United States return some or all the funds to them.  The United States

1

determined it would not proceed against the subject funds, but was unable to determine who was the rightful owner to whom the funds could be returned.  Accordingly, on April 5, 2005 the United States filed its complaint for interpleader, praying that defendants Leah Anderson, Wayne Majors, Wesley Metzger and Jerry Mills be required to interplead each other, that they be restrained from commencing any action against the United States, and that the United States be authorized to deposited the subject funds into the registry of this Court, thereby being discharged from any further liability to any of the parties.

On May 2, 2005, defendants Leah Anderson and Wayne Majors filed their Answer, alleging the subject funds had been taken from them and asking that the subject funds be returned to Anderson only.  On May 11, 2005 defendant Jerry Mills filed his Answer and Cross Claims, asking that the United States be discharged from liability and that the subject funds be released to him; he denied that defendants Leah Anderson and Wayne Majors had ever had possession of the subject funds.  On May 18, 2005 the United States answered defendant Jerry Mills' cross claims.  On May 24, 2005 defendants Leah Anderson and Wayne Majors answered defendant Jerry Mills' Cross Claims and submitted their own Counterclaims against defendant Jerry Mills, alleging defendant Jerry Mills had stolen the subject funds from Leah Anderson and asking for treble damages.  On June 15, 2005, defendant Jerry Mills answered the Counterclaims filed by defendants Leah Anderson and Wayne Majors, denying the allegations and again asking that the subject funds be released to him.  On June 30, 2005, defendants Leah Anderson and Wayne Majors filed an Amended Answer, again asking that the subject funds be given to Leah Anderson.  On July 8, 2005 and August 23, 2005, the subject funds were deposited into the

registry of this Court.  On August 26, 2005, defendants Leah Anderson and Wayne Majors filed a Motion for Summary Judgment.  On September 9, 2005, the Court granted defendant Jerry Mills' Motion for Extension of Time within which to file a responsive brief to the Motion for Summary Judgment, to September 22, 2005.  Nothing ever having been filed on behalf of defendant Wesley Metzger, on September 12, 2005 this Court granted the United States' Unopposed Motion for Partial Summary Judgment as to defendant Wesley Metzger only.  On September 13, 2005, defendants Leah Anderson and Wayne Majors filed an Unopposed Motion for Protective Order, to prevent the United States from attending the scheduled deposition or having access to and use of the transcripts of the depositions.

### JUDGMENT SHOULD ENTER AS TO THE UNITED STATES ONLY, RELEASING IT FROM ANY LIABILITY AND FURTHER PARTICIPATION IN THIS MATTER

This is an interpleader action.

> An interpleader action typically involves two stages.  In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund.  Wright, Miller and Kane, Federal Practice and Procedure: Civil 2nd § 1714 (1986).  If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claims.
>
> Rhoades v. Casey, 196 F 3d 592, 600 (5th Cir. 1999)

Accord: Avant Petroleum, Inc. v.  Banque Paribas, 853 F2d 140 (2d Cir. 1988); New York Life Insurance Company v. Connecticut Development Authority, 700 F.2d 91 (2d Cir., 1983); Mayflower Transit v. Cambridge, 2005 WL 2095752 (E.D. Wash., August 29, 2005); Star

3

<u>Insurance Company v. Cedar Valley Express LLC</u>, 273 F Supp. 2d 38 (D.D.C. 2002); <u>Rubinbaum LLP v. Related Corporate Partners V, L.P.</u>, 154 F.Supp2d 481 (S.D.N.Y. 2001).  In this instance, there is indeed a single fund, the subject $534,070.00, which has been deposited with the registry of this Court.  Further, there certainly are competing claims amongst the three remaining defendants, as defendants Leah Anderson and Wayne Majors ask that the funds be returned to Leah Anderson, while Jerry Mills claims that some or all of the subject funds should be returned to him.  The United States brought this interpleader action because it has no claims to the subject funds and takes no position on the competing claims among the defendants.  In addition, if Judgment does not enter for the United States it will have to participate in the discovery process, including depositions, contrary to defendants' Lean Anderson and Wayne Majors Unopposed Motion for Protective Orders; should the Unopposed Motion for Protective Order be granted, the United States would effectively be prevented from participating in the case at all.  Accordingly, as the subject funds do constitute a single fund, as the United States has transferred the subject funds to this Court, as there are competing claims among the defendants to the funds, as the United States takes no position as to the merits of these competing claims, and as the defendants do not want the United States to participate in discovery, the United States moves for a partial judgment removing the United States from this action, absolving the United States from any liability to these defendants regarding the subject funds, and relieving the United States having to participate in any further proceedings while the Court determines the competing claims among the defendants.

The undersigned Assistant United States Attorney has discussed this Motion with defendants' counsel, who do not oppose this Motion.

Respectfully submitted,

WILLIAM J. LEONE
United States Attorney

.                                          s/ James S. Russell
James S. Russell, Assistant US Attorney
United States Attorney's Office
1225 17th Street, Suite 700,
Denver, CO. 80202
Telephone: (303) 454-0100,
Fax: (303) 454-0402
E-mail: James.Russell2@usdoj.gov
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that on September 15, 2005, I electronically file the foregoing UNITED STATES' UNOPPOSED MOTION FOR PARTIAL JUDGMENT AS TO THE UNITED STATES ONLY with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Richard B. Caschette
Justin G. Blankenship
Ross Whiting Pulkrabek
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, Colorado 80202
rcaschette@starrslaw.com
jblankenship@starrslaw.com
rpulkrabek@starrslaw.com

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, Inc.
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
sjaniszewski@riggsabney.com

 

s/ Lois Limmel
Lois Limmel
United States Attorney's Office
1225 17th Street, Suite 700,
Denver, CO.  80202
Telephone: (303) 454-0100,
Fax: (303) 454-0402
E-mail: Lois.Limmel@usdoj.gov