IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, AND JERRY MILLS

        Defendant(s).

_____

PARTIAL JUDGMENT AS TO THE UNITED STATES ONLY
_____

        This matter having come before the Court on the United States' Unopposed Motion for Partial Judgement as to the United States Only, and the Court being fully advised, finds that:

        1.   On April 5, 2005 the United States filed its Complaint for Interpleader, interpleader regarding $534,070.00 in United States Currency (the subject funds), praying that defendants Leah Anderson, Wayne Majors, Wesley Metzger, and Jerry Mills be required to interplead each other, that defendants be restrained from commencing any action against the United States, that the United States be authorized to deposit the subject funds into the registry of this Court, and that the United States be discharged from any further liability as to any of the parties regarding the subject funds.

        2.   On May 2, 2005, defendants Leah Anderson and Wayne Majors filed their Answer, alleging the subject funds had been taken from them and asking that the subject funds be

1

returned to Anderson only.

3. On May 11, 2005 defendant Jerry Mills filed his Answer and Cross Claims, asking that the United States be discharged from liability and that the subject funds be released to him; he denied that defendants Leah Anderson and Wayne Majors had ever had possession of the subject funds.

4. On May 18, 2005 the United States answered defendant Jerry Mills' cross claims.

5. On May 24, 2005 defendants Leah Anderson and Wayne Majors answered defendant Jerry Mills' Cross Claims and submitted their own Counterclaims against defendant Jerry Mills, alleging defendant Jerry Mills had stolen the subject funds from Leah Anderson and asking for treble damages.

6. On June 15, 2005, defendant Jerry Mills answered the Counterclaims filed by defendants Leah Anderson and Wayne Majors, denying the allegations and again asking that the subject funds be released to him.

7. On June 30, 2005, defendants Leah Anderson and Wayne Majors filed an Amended Answer, again asking that the subject funds be given to Leah Anderson.

8. On July 8, 2005 and August 23, 2005, the subject funds were deposited into the registry of this Court.

9. On August 26, 2005, defendants Leah Anderson and Wayne Majors filed a Motion for Summary Judgment.

10. On September 9, 2005, the Court granted defendant Jerry Mills' Motion for Extension of Time within which to file a responsive brief to the Motion for Summary Judgment, to September 22, 2005.

11. Nothing ever having been filed on behalf of defendant Wesley Metzger, on September 12, 2005 this Court granted the United States' Unopposed Motion for Partial Summary Judgment only as to defendant Wesley Metzger.

12. On September 13, 2005, defendants Leah Anderson and Wayne Majors filed an Unopposed Motion for Protective Order, to prevent the United States from attending the scheduled deposition or having access to and use of the transcripts of the depositions.

13. The subject funds constitute a single fund at issue in this interpleader action.

14. There are adverse claimants to that single fund, specifically defendants Leah Anderson, Wayne Majors, and Jerry Mills.

15. The interpleader action was properly brought.

16. The United States has deposited the subject funds into the registry of this Court. Accordingly, this Court has jurisdiction over the subject funds.

17. The United States has moved for judgment as to the United States only, to allow the Court to make a determination of the respective rights of defendants to the subject funds.

18. Judgment should enter in favor of the United States, discharging the United States from any further participation in this matter and from any liability to the parties regarding the subject funds.

THEREFORE, it is ORDERED:

1. Defendants are restrained and enjoined from commencing any action against the United States relative to the subject funds.

2. The United States is discharged from any further liability to any of the parties in this action regarding the subject funds.

3. The United States shall participate no further in this matter.

So ORDERED this _____ day September 2005.

                                            _____
United States District Court Judge