IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-637-REB-PAC

**UNITED STATES OF AMERICA**
    Plaintiff,

v.

**LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER,
and JERRY MILLS,**
    Defendants.

_____

**DEFENDANT JERRY MILLS' RESPONSE (NOT IN OPPOSITION)
TO THE UNITED STATES' UNOPPOSED MOTION FOR
PARTIAL JUDGMENT AS TO THE UNITED STATES**
_____

**COMES NOW** Defendant Jerry Mills, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and submits his RESPONSE (NOT IN OPPOSITION) TO THE UNITED STATES' UNOPPOSED MOTION FOR PARTIAL JUDGMENT AS TO THE UNITED STATES.

## INTRODUCTION

The United States has filed an UNOPPOSED MOTION FOR PARTIAL JUDGMENT AS TO THE UNITED STATES [Docket #67], in which it mentions the two stages of an interpleader action. Mills does not oppose said MOTION, but is compelled to clarify his position that this Court must make certain findings in order to grant the relief the United States requests, whether or not the MOTION is opposed, because those findings could significantly impact Mills.

**ARGUMENT**

### 1. If There Are Not Adverse Claims, This Case Must Be Dismissed And the Funds Returned To The United States.

The pleadings of record reflect that only Leah Anderson and Jerry Mills have stated claims to the interpleaded funds. Wesley Metzger has not asserted a claim to the interpleaded funds; nor has he answered the Complaint. This Court has granted a default judgment against Metzger [Docket # 62].

The pleadings of record reflect that Majors has not filed a claim to the interpleaded funds. In the Majors/Anderson AMENDED ANSWER [Docket # 29] to the Government's COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF [Docket # 1], Majors/Anderson "request that this Court Dismiss Plaintiff's Complaint with prejudice and that judgment be entered in favor of **Leah Anderson**, in the amount of $534,070, plus interest and costs, with such further relief as the Court deems proper under the circumstances." Emphasis supplied. This prayer shows that, from the beginning of this case, Majors and Anderson have positioned Leah Anderson as the individual who would claim a personal ownership interest in the funds. It also displays ignorance of the two procedural stages of an interpleader action.

In the first stage, the court decides whether the requirements for an interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. Only If the court finds that the interpleader action has been properly brought does the court make a determination of the respective rights of the claimants. Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE: Civil 2d § 1714 (1986). Therefore, if this Court were to dismiss the Plaintiff's Complaint with

2

prejudice, as the Majors and Anderson request in their ANSWER, this Court would not, then, have jurisdiction to enter judgment awarding the interpleaded funds to Anderson. With the interpleader action dismissed, the funds would have to be returned to the United States. *See, Mayflower Transit v. Cambridge*, 2005 WL 2095752, p. 4 (E.D. Wash, August 29, 2005).

In the Majors/Anderson ANSWER to Crossclaim and COUNTERCLAIM against Jerry Mills, Majors asserts only one claim, for breach of an alleged vehicle lease [Docket # 16, pp.6-7]. This is not an adverse claim to the interpleaded funds. Anderson asserts her claim to the funds, in the form of a Civil Theft claim [Docket # 16 pp.3-5].

The United States has filed an UNOPPOSED MOTION FOR PARTIAL JUDGMENT AS TO THE UNITED STATES ONLY [Docket 67], determination of which, even though it is unopposed, will require this Court to make the stage-one interpleader determinations regarding the actual existence of adverse claimants. The basic jurisdictional prerequisite to the maintenance of a statutory interpleader action is that there be adverse claimants to a particular fund or property. *Libby, McNeill, and Libby v. City Nat. Bank,* 592 F.2d 504, 597 (9th Cir.1978) (citing *Gaines v. Sunray Oil Co.,* 539 F.2d 1136, 1141 (8th Cir.1976)). This basic prerequisite is essential because the sole rationale for equitable relief to the plaintiff stakeholder in an interpleader is the danger of exposure to double liability. *Texas v. Florida,* 306 U.S. 398, 406, 59 S.Ct. 563, 567, 83 L.Ed. 817 (1939); *see also Washington Elec. Co-op. v. Paterson, Walke & Pratt, P.C.,* 985 F.2d 677, 679 (2d Cir.1993) ("[W]hat triggers interpleader is 'a real and reasonable fear of double liability or vexatious, conflicting claims ....' ") (quoting *Indianapolis Colts v. Mayor of Baltimore,* 741 F.2d 954, 957 (7th Cir.1984) (collecting citations), *cert. denied,* 470 U.S.

1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985).  Until this Court makes the first-stage determinations regarding whether the requirements for an interpleader action have been met, the Majors/Anderson Motion For Summary Judgment [Docket # 45] is premature.

Mills has presented two cross-claims for the interpleaded funds [Docket # 13, pp. 3-5].  In his first Cross Claim, Mills relies upon the Government's representation in its Complaint [Docket # 1, paragraph 12] that Mills has a valid claim to the funds. Mills alleges that he had possession of the funds when he voluntarily turned them over to the Douglas County Sheriff's Office; that Majors and Anderson have never had possession of the funds; that Majors and Anderson have not articulated an ownership interest in the funds (which they did not do in their Answer); that Majors and Anderson cannot articulate an ownership interest in the funds, because the funds have not yet been laundered; and that upon information and belief it is the policy of the Department of Justice to return voluntarily surrendered funds to the person who voluntarily surrendered the funds. If this Court finds that Mills does not have an actual claim to the funds, then there would be an absence of adverse claimants, requiring dismissal of this case and return of the funds to the United States.

Mills' second Cross Claim In The Alternative alleges that interpleader is an equitable action and this Court has discretion to fashion an equitable remedy; that an equitable alternative to releasing the funds to Mills would be for this Honorable Court to find that none of the defendants deserve the funds, because none of them is the true owner, and therefore, the true owner is the United States; that with these findings, the Court would release the funds to the general operating fund of the United States; that because Mills turned the money over to the Government, it would be equitable to give

Mills a reward for doing so; and that a fair and equitable reward would be thirty percent of the funds in interpleader. This claim not an adverse claim to the funds that, by itself, could justify an interpleader action.

## CONCLUSION

For the reasons stated above, Defendant Jerry Mills prays that this Court find that Wesley Metzger and Wayne Majors have not pled claims to the funds; but that Jerry Mills and Leah Anderson have pled adverse claims to the interpleaded funds. With those findings, this Court should grant the United States' UNOPPOSED MOTION FOR PARTIAL JUDGMENT AS TO THE UNITED STATES ONLY. Without those findings, this Court cannot grant the Motion but must dismiss the case and return the funds to the United States.

Dated: September 19, 2005

                                                RESPECTFULLY SUBMITTED,

                                                /s/ Steven Janiszewski
                                                Steven Janiszewski
                                                ***RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS***
                                                7979 East Tufts Avenue Parkway, Suite 1300
                                                Denver, Colorado 80237
                                                Phone:     (303) 298-7392
                                                Fax:   (303) 298-1319
                                                ATTORNEY FOR DEFENDANT JERRY MILLS

## CERIFICATE OF SERVICE

I hereby certify that on September 19, 2005 I electronically filed the foregoing **RESPONSE (NOT IN OPPOSITION) TO THE UNITED STATES' UNOPPOSED MOTION FOR PARTIAL JUDGMENT AS TO THE UNITED STATES ONLY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses

James S. Russell
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202
James.Russell2@usdoj.gov

Richard B. Caschette
Starrs Mihm & Caschette LLP
1675 Broadway, Suite 1800
Denver, Colorado
rcachette@starrslaw.com

/s/ Steven Janiszewski