## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-637-REB-PAC

**UNITED STATES OF AMERICA**
     Plaintiff,

v.

**LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER,
and JERRY MILLS,**
     Defendants.

---

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT
---

**COMES NOW** Defendant Jerry Mills, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and submits his RESPONSE to the MOTION FOR SUMMARY JUDGMENT filed by Leah Anderson and Wayne Majors.

### INTRODUCTION

Leah Anderson and Wayne Majors (Movants) have filed a MOTION FOR SUMMARY JUDGMENT in which they explicitly eschew the claims that they have presented in the pleadings and request that judgment enter in favor of Wayne Majors on a claim that has not been presented. This is a fatal flaw.  Further, three of Movants' four Exhibits are inadmissible.  Movants have failed to meet the initial burden of proof imposed upon all summary judgment movants, and, therefore, summary judgment cannot be granted.

### ARGUMENT

**A.  Each Claim For Relief As To Which Judgment Is Requested**

   **1.  Judgment Cannot Enter On A Claim Not Presented In the Pleadings.**

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may...move...for a summary judgment in the party's favor upon all or any part thereof. Fed.R.Civ.P. 56(a); *Crawford v. United States*, 179 Ct. Cl. 128, 376 F.2d 266, 276 (1967)(a claim not pleaded in the Petition, nor added by amendment, was not properly before the court on a motion for summary judgment). In *Munoz v. Western Resources, Inc.*, 225 F. Supp. 2d 1265, 1271 (D. Kan. 2002), citing *Gowan v. United States Dept. of Air Force,* 148 F.3d 1182, 1192 (10th Cir.), *cert. denied* 525 U.S. 1042, 119 S.Ct. 593, 142 L.Ed.2d 535 (1998), the court ruled that it would not consider a claim that was not raised in the complaint nor information that was not found in the pretrial order on a motion for summary judgment.

The pleadings of record reflect that only Leah Anderson and Jerry Mills have stated claims to the interpleaded funds. The Government did not name as defendants any of the several artificial entities that are the engines of the Majors criminal enterprise; nor were any of those entities joined as parties before the deadline for joinder of parties. See Paul Rubin, *Debt In The Water: "Zero-Down" Bankruptcy Firms Cost Their Clients Plenty,* Phoenix New Times, Feb. 2, 1994, which is self-authenticating under F.R.E. 902(6), attached as Exhibit A-1, for an exposé on one line of businesses run by the Majors white-collar crime organization. Wesley Metzger has not asserted a claim to the interpleaded funds; nor has he answered the Complaint. This Court has granted a default judgment against Metzger [Docket # 62].

The pleadings of record reflect that Majors has not filed a claim to the interpleaded funds. In the Movants' AMENDED ANSWER [Docket # 29] to the

2

Government's COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF [Docket # 1], Movants "request that this Court Dismiss Plaintiff's Complaint with prejudice and that judgment be entered in favor of **Leah Anderson**, in the amount of $534,070, plus interest and costs, with such further relief as the Court deems proper under the circumstances." Emphasis supplied. This prayer shows that, from the beginning of this case, Movants have positioned Leah Anderson as the individual who would claim a personal ownership interest in the funds. It also displays ignorance of the two procedural stages of an interpleader action.

In the first stage, the court decides whether the requirements for an interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. Only If the court finds that the interpleader action has been properly brought does the court make a determination of the respective rights of the claimants. Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE:  Civil 2d § 1714 (1986). Therefore, if this Court were to dismiss the Plaintiff's Complaint with prejudice, as the Movants request in their ANSWER, this Court would not, then, have jurisdiction to enter judgment awarding the interpleaded funds to Anderson.  With the interpleader action dismissed, the funds would have to be returned to the United States. *See, Mayflower Transit v. Cambridge*, 2005 WL 2095752, p. 4 (E.D. Wash, August 29, 2005).

The United States has filed an UNOPPOSED MOTION FOR PARTIAL JUDGMENT AS TO THE UNITED STATES ONLY [Docket 67], determination of which, even though it is unopposed, will require this Court to make the stage-one interpleader determinations

regarding adverse claimants. The basic jurisdictional prerequisite to the maintenance of a statutory interpleader action is that there be adverse claimants to a particular fund or property. *Libby, McNeill, and Libby v. City Nat. Bank,* 592 F.2d 504, 597 (9th Cir.1978) (citing *Gaines v. Sunray Oil Co.,* 539 F.2d 1136, 1141 (8th Cir.1976)). This basic prerequisite is essential because the sole rationale for equitable relief to the plaintiff stakeholder in an interpleader is the danger of exposure to double liability. *Texas v. Florida,* 306 U.S. 398, 406, 59 S.Ct. 563, 567, 83 L.Ed. 817 (1939); *see also Washington Elec. Co-op. v. Paterson, Walke & Pratt, P.C.,* 985 F.2d 677, 679 (2d Cir.1993) ("[W]hat triggers interpleader is 'a real and reasonable fear of double liability or vexatious, conflicting claims ....' ") (quoting *Indianapolis Colts v. Mayor of Baltimore,* 741 F.2d 954, 957 (7th Cir.1984) (collecting citations), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985).   Until this Court makes the first-stage determinations regarding whether the requirements for an interpleader action have been met, Movants' Motion For Summary Judgment is, arguably, premature.

In Movants' ANSWER to Crossclaim and COUNTERCLAIM against Jerry Mills, Majors asserts only one claim, for breach of an alleged vehicle lease [Docket # 16, pp.6-7]. Anderson asserts her claim to the funds, in the form of a Civil Theft claim [Docket # 16 pp.3-5], but that claim is explicitly eschewed in Movants MOTION FOR SUMMARY JUDGMENT [Docket # 45, paragraph 6]. Therefore, the request of Wayne Majors that summary judgment be entered in favor of him is not properly before this Court, *Crawford,* 376 F.2d at 276; and this Court should not consider it. *Munoz,* 225 F. Supp.2d .at 1271.

### 2. Judgment Cannot Enter Against Mills On Claims That Mills Has Not Presented In The Pleadings.

A defending party may move for summary judgment on any or all of the adverse party's claims.  Fed.R.Civ.P. 56(b); *Wilkerson v. P.I.A Topeka, Inc.*, 900 F. Supp. 1418, 1420 (D. Kan. 1995).  A necessary corollary of Fed.R.Civ.P. 56(b), and of the holdings in *Crawford,* 376 F.2d at 276 and *Munoz,* 225 F.Supp.2d at 1271, is that a defending party may *not* move for summary judgment against the adverse party on claims that the adverse party *has not* pled.  Here, the Movants have done just that.  The claim that they attribute to Mills and upon which they move for summary judgment is not found in the pleadings. Mills has presented two cross-claims for the interpleaded funds [Docket # 13, pp. 3-5].  In his first Cross Claim, Mills relies upon the Government's representation in its Complaint [Docket # 1, paragraph 12] that Mills has a valid claim to the funds. Mills alleges that he had possession of the funds when he voluntarily turned them over to the Douglas County Sheriff's Office; that Majors and Anderson have never had possession of the funds; that Majors and Anderson have not articulated an ownership interest in the funds (which they did not do in their ANSWER); that Majors and Anderson cannot articulate an ownership interest in the funds, because the funds have not yet been laundered; and that upon information and belief it is the policy of the Department of Justice to return voluntarily surrendered funds to the person who voluntarily surrendered the funds.

Incorporating those allegations, Mills alleges, in his first Cross Claim, that because the interpleaded funds were not seized by the Government in connection with a criminal investigation but, instead, were voluntarily turned over to the Government by

Jerry Mills, there is a common law presumption, expressed in the Government's policy, that the funds should be returned to Mills; that in this situation, Jerry Mills is the bailor and the Government is the bailee of the interpleaded funds; that the presumption that the funds should be returned to Mills can be rebutted by an articulated and proven ownership interest that is superior to Mill's possessor/bailor interest in the funds; and that no party to this case has articulated an ownership interest in the funds that is superior to Mills' possessor/bailor interest.

Mills' second Cross Claim In The Alternative alleges that interpleader is an equitable action and this Court has discretion to fashion an equitable remedy; that an equitable alternative to releasing the funds to Mills would be for this Honorable Court to find that none of the defendants deserve the funds, because none of them is the true owner, and therefore, the true owner is the United States; that with these findings, the Court would release the funds to the general operating fund of the United States; that because Mills turned the money over to the Government, it would be equitable to give Mills a reward for doing so; and that a fair and equitable reward would be thirty percent of the funds in interpleader.

Notice that Movants do not request judgment in favor of Majors and against Mills on either of the two Cross Claims that Mills actually presents in the pleadings. Movants do not mention the Cross Claims found in the pleadings of record.  Instead, they set up a straw man cross claim for Mills in paragraph 2 of their MOTION, stating that Mills "asserts that he stole the interpleaded funds from Majors."  Movants then attack said straw man cross claim in their BRIEF pp. 5-7.  Because Movants' have not requested

judgment on either of the two Cross Claims pled by Mills, their request for judgment in favor of Majors and against Mills, is not properly before this Court, *See*, *Crawford,* 376 F.2d at 276; and this Court should not consider it, *See*, *Munoz,* 225 F. Supp.2d .at 1271.

### B. The Party Having The Burden Of Proof

#### 1. Majors Has The Burden Of Proof.

Here, each defendant has become a plaintiff, because this is an interpleader case, and each must state his claim to the interpleaded funds. *Phoenix Mutual Life Insurance Co. v Reich*, 75 F. Supp. 886, 889 (D. Pa. 1948).  Nor can a claimant recover on the weakness of the adverse claim. Each claimant has the burden of establishing his own claim by a preponderance of the evidence.  *Lincoln National Life Insurance Co. v. Johnson*, 669 F. Supp. 201, 203 (N.D. Ill. 1987); citing *Blair v. Travelers Insurance Co.*, 30 Ill. App. 2d 191, 174 N.E.2d 209-210 (1st Dist. 1961).  Even the dismissal of all claims but one does not entitle the remaining claimant to judgment.  The remaining claimant must still meet the standard of proof applicable when there are several claimants.  *Midland Insurance Co. v. Friedgood,* 577 F. Supp. 1407, 1412 (S.D.N.Y. 1984).  (The above cases disprove the Movants' bald assertion that because Majors and Anderson are married it is simply immaterial—both for practical purposes and as a matter of law—which of them is awarded the interpleaded funds.  Brief, p. 3 FN 1.)

#### 2.  Movants Have Not Met The Initial Burden On Summary Judgment.

Under Rule 56(c), the moving party: always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)); *accord*, *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)(reversing entry of summary judgment where the non-moving party failed to respond to the motion for summary judgment).   Further, a summary judgment movant must point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law. *Thomas v. Coca-Cola Bottling Co.* 986 F.2d 1022, 1024 (10th Cir. 1992). The substantive law relevant to Majors' claim to the interpleaded funds is reflected in the cases cited above in Argument B.1.   Majors has not met the initial summary judgment burden, because he has not demonstrated an absence of a genuine issue regarding the foundational requirement that he plead his own claim to the funds. *Reich*, 75 F. Supp. at 889.   Not having pled a claim to the funds, Majors could not have demonstrated an absence of a genuine issue of fact regarding his claim to the funds. Nor can Majors recover the funds merely by defeating Mills' claims to them.   *Lincoln,* 669 F. Supp. at 203.

The first case that the Movants rely upon to establish the substantive law for their attack on the straw man cross claim set up in their MOTION, *Terry v. Enomoto*, 723 F.2d, 697, 699 (9th Cir. 1984), is inapposite. Movants misrepresent the *Terry* case to this Court, by not citing its holding and by citing only the tip of its dicta.   The *Terry* court affirmed the dismissal of a *habeas corpus* action where delay in filing had prejudiced the state's ability to respond to the petition. *Terry*, 723 F.2d at 700.   Based on its holding,

*Terry* is inapposite, because this is not a *habeas corpus* action; nor is delay in filing an issue.

### 3. The Applicable Substantive Law

The other case that the Movants cite to establish the applicable substantive law for their attack on the straw man cross claim is *United States v. Central National Bank*, 429 F.2d 5, 7 (8th Cir. 1970).  In that case the interpleaded funds had been lawfully seized by government agents from the person and the home of one of the claimants upon his arrest.  That claimant then entered a plea of guilty to charges of robbing 10 federally insured institutions.  The *Central National Bank* court held that as between such felon and the banking institutions which he had robbed, the felon was not entitled to participate in the distribution of the money, which was interpleaded, and that the felon was liable to the respective institutional claimants for the total sum of more than $128,000 which they had lost from the robberies. *Central Nat'l Bank,* 429 F.2d at 7. Using the *Central National Bank* case as the substantive law standard, Movants have not met their initial burden of pointing to those parts of the record that demonstrate an absence of a genuine issue of material fact.

### 4.  Elements And Genuine Issues Of Material Fact

In *Central National Bank*, the claimant who was not entitled to participate in the distribution of the money had been arrested for stealing the interpleaded funds. Movants have not demonstrated an absence of a genuine issue of material fact that Mills was

arrested for allegedly stealing the interpleaded funds from Majors.  In *Central National Bank,* the interpleaded funds were seized by government agents from the person and the home of the arrested claimant.  Movants have not demonstrated an absence of a genuine issue of material fact that the funds in the case were seized from Mills, pursuant to his arrest or pursuant to a search warrant. In *Central National Bank,* the arrested claimant pled guilty to robbing ten (10) banks, who were the other claimants in the interpleader case.  Movants have not demonstrated an absence of a genuine issue of material fact that Mills has pled guilty to or been found guilty of stealing the funds from Majors. Therefore, Movants have not met their burden of proof as to the straw man cross claim, let alone as to Mills' first, actual, Cross Claim.

However, even if Movants had demonstrated an absence of a genuine issue as to all of the elements of Mills' first, actual, Cross Claim, such demonstration would not entitle Majors to the judgment he requests.  Mills' second, actual, Cross Claim has not been addressed and bars summary judgment in favor of Majors.  Even the dismissal of all claims but one does not entitle the remaining claimant to judgment.  The remaining claimant must still meet the standard of proof applicable when there are several claimants.  *Friedgood,* 577 F. Supp. at 1412 FN10.  Majors has not demonstrated that he is the true owner of the interpleaded funds, or that he has an ownership interest in the funds.  He has only claimed that Mills says that he (Mills) stole the funds from Majors.  Majors has not presented this Court with any admissible evidence that Mills has made such a statement.

### C.  Movants' Exhibits A, B And C Are Inadmissible.

*Harris v. Beneficial Oklahoma, Inc.*, 209 B.R. 990, 996-997 (10th Cir. BAP 1997) held that the bankruptcy court did not abuse its discretion in refusing to consider documents submitted in support of a summary judgment motion that were not self-authenticating and were not attached to and authenticated in an affidavit.  In support of that ruling, the *Harris* court reasoned as follows:

> Documentary evidence that is authenticated and constitutes admissible evidence may be presented in support of a summary judgment motion. Unauthenticated documents, once challenged, cannot be considered by a court in determining a summary judgment motion.  In order for documents not yet part of the court record to be considered by a court in support of or in opposition to a summary judgment motion they must meet a two-prong test:  (1) the document must be attached to and authenticated by an affidavit which conforms to Rule 56(e);  and (2) the affiant must be a competent witness through whom the document can be received into evidence....Documentary evidence for which a proper foundation has not been laid cannot support a summary judgment motion, even if the documents in question are highly probative of a central and essential issue in the case.  11 James Wm. Moore et al., *Moore's Federal Practice* § § 56.10[4][c][i] & 56.14 [2][c] (3d ed.1997) (footnotes omitted); *accord School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1261-1262 (9th Cir.1993) (failure to attach contracts referred to in affidavit testimony supported trial court's

determination to deny summary judgment), *cert. denied,* 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994);  *Investors Credit Corp. v. Batie (In re Batie),* 995 F.2d 85, 89 (6th Cir.1993) ("[D]ocuments ... [that] are not part of the 'pleading, depositions, answers to interrogatories, and admissions on file,' can only enter the record as attachments to an appropriate affidavit to constitute a basis for summary judgment.");  *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987) ("It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment. In order to be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'   This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.") (alteration in original) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* §  2722 at 58-60 (2d ed.1983) (footnotes omitted)); *Wells v. Franzen,* 777 F.2d 1258, 1262 (7th Cir.1985) (photocopies of handwritten notes unaccompanied by affidavits or other means of authentication may not be considered in connection with summary judgment motion);  *Ag Credit v. Walton (In re Walton),* 158 B.R. 948, 951 (Bankr.N.D.Ohio 1993) (court refused to consider agreements attached to summary judgment brief which were not entered into the record

as an attachment to an affidavit);  *see Starr v. Pearle Vision, Inc.,* 54 F.3d 1548, 1555 (10th Cir.1995) (as in affidavits, use of inadmissible hearsay testimony in deposition is not permitted under Rule 56).

*Harris*, 209 B.R. at  996.

Mills hereby objects to this Court's considering Movants' Exhibits A, B and C, because those Exhibits are neither self-authenticating nor authenticated by an attached affidavit that complies with F.R.Civ.P. 56(e).  Excluding those Exhibits, Movants are left with the pleadings of record and Jerry Mills' Response To Leah Anderson's and Wayne Majors' First Set Of Discovery, Movants' Exhibit D, to support their Motion.  Thus limited, Movants emphatically fail to meet their initial burden of proof.  The relief contemplated by Rule 56 is drastic, and should be applied with caution. No margin exists for the disposition of factual issues. *Bushman Construction Co. v. Conner*, 307 F.2d 888, 892-893 (10th Cir. 1962)(reversing the district court's entry of summary judgment). Movants have not met their burden, and summary judgment must be denied.

CONCLUSION

For the reasons stated above, the summary judgment requested by the Movants must be denied.

Dated: September 19, 2005

RESPECTFULLY SUBMITTED,


/s/ Steven Janiszewski
Steven Janiszewski
***RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS***
7979 East Tufts Avenue Parkway, Suite 1300
Denver, Colorado 80237
Phone:      (303) 298-7392
Fax:   (303) 298-1319
ATTORNEY FOR DEFENDANT JERRY MILLS


## CERIFICATE OF SERVICE

I hereby certify that on September 19, 2005 I electronically filed the foregoing **RESPONSE TO MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses

James S. Russell
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202
James.Russell2@usdoj.gov

Richard B. Caschette
Starrs Mihm & Caschette LLP
1675 Broadway, Suite 1800
Denver, Colorado
rcachette@starrslaw.com


/s/ Steven Janiszewski