IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

    Defendants.

## MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 16(f)

    Defendants Leah Anderson ("Anderson") and Wayne Majors ("Majors"), through their counsel Richard B. Caschette, Ross W. Pulkrabek, and Justin G. Blankenship of Starrs Mihm & Caschette LLP, move for an award of sanctions, including an award of attorneys' fees, due to Defendant Jerry Mills's failure to attend the September 7, 2005, scheduling conference.

### CERTIFICATION

    Counsel for Anderson and Majors certify pursuant to D.C.COLO.LCivR 7.1 A that they made a good faith effort to confer with counsel for Mills regarding the basis of this motion in an effort to resolve this matter.  Undersigned counsel left a telephone message for Mills's counsel on September 20, 2005, and sent e-mails to Mills's counsel regarding this motion on September 20 and 21, 2005.  Mills's counsel did not respond to the undersigned's attempts to confer about this motion.

## **FACTS**

Pursuant to the Scheduling Order [#19], a settlement conference was set for September 7, 2005. *See* Scheduling Order § 10.a. The Scheduling Order provided in pertinent part: "[P]arties, attorneys, and client representatives with full authority to settle must be present." *Id.*

On September 1, 2005, Steven Janiszewski, counsel for Mills, sent the undersigned an e-mail stating:

> Jerry Mills will not be able to attend the settlement conference. He has given me full authority to settle this case. I should have his executed Power of Attorney by the scheduled conference date. *I have informed the Court.* This will not in any way hinder a settlement, should you [sic] clients decide to compromise. It may even help achieve a settlement, as I may be more reasonable than Mr. Mills.

E-mail from Steven Janiszewski to Richard Caschette (Sept. 1, 2005), attached as Ex. A (emphasis added).

Upon receipt of Mr. Janiszewski's e-mail, the undersigned believed that the Court no longer was requiring parties to be present. However, upon information and belief, Mr. Janiszewski did *not* "inform[ ] the Court" that his client would not attend the settlement conference. Also on information and belief, the Court did not consent to Mills's absence at the settlement conference.

Mills did not attend the settlement conference on September 7, 2005, and the conference was unsuccessful. Anderson and Majors incurred at least $1,200.00 in attorneys' fees related to the unfruitful settlement conference. *See* Affidavit of Richard B. Caschette, attached as Ex. B.

2

**ARGUMENT**

The Federal Rules of Civil Procedure expressly authorize this Court to impose sanctions against a party or party's attorney for violation of a scheduling order or other pretrial order:

> If a party or party's attorney fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among such others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16(f). Available sanctions include entry of an order dismissing the offending party's claims. *See id.;* Fed.R.Civ.P. 37(b)(2)(B), (C).

Sanctions under Fed.R.Civ.P. 16(f) are appropriate where a party disobeys an order requiring an authorized representative to attend a settlement conference. *See, e.g., Official Airline Guides v. Goss,* 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming award of attorneys' fees against the defendant for failing to send an authorized representative to a settlement conference)*; G. Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F.2d 648, 650, 656 (7th Cir. 1989) (same); *see also Connelley v. Kehoe,* No. 96-2284, 1998 U.S. App. LEXIS 1951 at *4-6 (10th Cir. Feb. 12, 1998) (affirming dismissal of the plaintiff's claims under Fed.R.Civ.P. 16(f) and other rules where, among other things, the plaintiff failed to attend a settlement conference), attached as Appendix 1;

3

*Pendleton Ins. v. Shah,* No. 94-1156, 1994 U.S. App. LEXIS 30062 at *6-7 (10th Cir. Oct. 27, 1994) (affirming entry of default judgment against a defendant for, among other things, failing to attend a settlement conference), attached as Appendix 2.

Mills violated the Scheduling Order by failing to attend the September 7, 2005, settlement conference. Further, on information and belief, Mr. Janiszewski neither informed the Court that Mills would not be attending the settlement conference nor obtained judicial approval of his absence. If so, then Mr. Janiszewski's September 1, 2005, e-mail to undersigned counsel materially misrepresented the facts

But for Mr. Janiszewski's September 1, 2005, e-mail implying that the Court already had authorized Mills's absence at the settlement conference, undersigned counsel would have objected to Mills's absence and would have sought to compel his attendance. Mills's personal involvement in the settlement conference would have increased the likelihood of settlement, as the Magistrate Judge would have had an opportunity to speak directly to him about the reasonableness of his claim to the funds and provide him with a much needed "reality check." After all, Mills has confessed that he stole the funds at issue in this interpleader case and that he has no right to them.

The circumstances clearly warrant the entry of sanctions against Mills and/or Mr. Janiszewski and his law firm. At a minimum, the Court should award Majors and Anderson the attorneys' fees they incurred by having undersigned counsel attend a fruitless settlement conference.

WHEREFORE Leah Anderson and Wayne Majors respectfully request that this Court enter an order rendering Jerry Mills and Steven Janiszewski (and his law firm) jointly and severally liable to them for attorneys' fees in the amount of $1,200.00.

4

Dated September 22, 2005.

                                             s/ Richard B. Caschette
                                             Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone: (303) 592-5900
Fax: (303) 592-5910
rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com

*Attorneys for Defendants Leah Anderson and Wayne Majors*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, Inc.
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
sjaniszewski@riggsabney.com

                                            s/ Richard B. Caschette
                                            Richard B. Caschette
                                            Ross W. Pulkrabek
                                            Justin G. Blankenship
                                            STARRS MIHM & CASCHETTE LLP
                                            1675 Broadway, Suite 1800
                                            Denver, CO 80202
                                            Phone:  (303) 592-5900
                                            Fax:  (303) 592-5910
                                            rcaschette@starrslaw.com
                                            rpulkrabek@starrslaw.com
                                            jblankenship@starrslaw.com

                                            *Attorneys for Defendants Leah*
                                            *Anderson and Wayne Majors*

| Filters Used: | | | | | | | Date Printed: | 9/16/2005 |
|---|---|---|---|---|---|---|---|---|
| 1 Tagged Record | | **E-Mail Report** | | | | | Time Printed: | 4:19PM |
| | | Form Format | | | | | Printed By: | RICH |

| Date | 9/01/2005 | Time | 4:25PM | 4:25PM | Duration | 0.00 (hours) | Code | | |
|---|---|---|---|---|---|---|---|---|---|
| Subject | 05-CV-637-REB-PAC | | | | | | Staff | **Richard B Caschette** | |
| Client | Majors, Leah and Wayne | | | MatterRef | **MAJORS\USA** | | | MatterNo | **0130** |
| From | Steven Janiszewski <SJaniszewski@riggsabney.com> | | | | | | | | |
| To | Richard Caschette | | | | | | | | |
| CC To | | | | | | | | | |
| Bcc To | | | | | | | | | |
| Reminders | | | (days before) | Follow | Done | Notify | Hide | Trigger | Private | Status |
| Attachment | | | | | | User3 | | | | |
| User2 | | | | | | User4 | | | | |

Rich:

Jerry Mills will not be able to attend the settlement conference. He has given me full authority to settle this case. I should have his executed Power of Attorney by the scheduled conference date. I have informed the Court. This will not in any way hinder a settlement, should you clients decide to compromise. It may even help achieve a settlement, as I may be more reasonable than Mr. Mills.

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen, Orbison & Lewis
7979 East Tufts Avenue Parkway, Suite 1300
Denver, Colorado 80237
Telephone: (303) 298-7392
Fax: (303) 298-7398
Email: sjaniszewski@riggsabney.com

**EXHIBIT**

tabbies®

A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

    Defendants.

### AFFIDAVIT OF RICHARD B. CASCHETTE

Affiant, first being duly sworn and under oath, states under penalty of perjury the following:

1. I am counsel of record for Leah Anderson and Wayne Majors.

2. On September 1, 2005, Steven Janiszewski sent me the e-mail attached as Exhibit A to the Motion for Sanctions Pursuant to Fed.R.Civ.P. 16(f).

3. I spent at least four hours preparing for, traveling to and from, and attending the September 7, 2005, settlement conference in this action.

4. I am charging Ms. Anderson and Mr. Majors an hourly rate of $300 for my time on this matter.

5. The rate that I am charging Ms. Anderson and Mr. Majors is well within the range of reasonableness for lawyers with my background, training, and experience in the Denver legal market.

EXHIBIT B

Further affiant sayeth naught.

Dated September 22nd, 2005.

_____
Richard B. Caschette

STATE OF COLORADO )
                  )
COUNTY OF DENVER  )

Subscribed and sworn to before me, in my presence, this 22nd day of September 2005 by Richard B. Caschette.

[Notary Seal: JENNIE L. HUNT, NOTARY PUBLIC, STATE OF COLORADO]

_____
Notary Public

My commission expires:

_____
My Commission Expires
09/24/2007

# APPENDIX 1

LEXSEE 1998 U.S. APP. LEXIS 1951

**CARL W. CONNELLY, Plaintiff-Appellant, v. LARRY KEHOE; TIM DABBS; CHARLIE DANIELS; and CARL JOHNSON, in their individual and official capacities, Defendants-Appellees.**

**No. 96-2284**

**UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

**1998 U.S. App. LEXIS 1951; 1998 Colo. J. C.A.R. 789**

**February 12, 1998, Filed**

**NOTICE:** [*1] RULES OF THE TENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:**

Reported in Table Case Format at: 1998 U.S. App. LEXIS 10865.

**PRIOR HISTORY:** (New Mexico). (D.C. No. CIV-95-692-LH).

**DISPOSITION:** Order of the district court AFFIRMED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For CARL W. CONNELLY, Plaintiff - Appellant: John L. Lesly, Amarillo, TX.

For LARRY KEHOE, TIM DABBS, CHARLIE DANIELS, CARL JOHNSON, Defendants - Appellees: Maha Khoury, Santa Fe, NM.

**JUDGES:** Before SEYMOUR, Chief Judge, BRORBY and BRISCOE, Circuit Judges.

**OPINIONBY:** STEPHANIE K. SEYMOUR

**OPINION:**

### ORDER AND JUDGMENT *

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination [*2] of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Carl W. Connelly brought suit against three supervisors and one co-employee of the New Mexico Taxation and Revenue Department, Motor Transportation Division, alleging claims under Title VII and 42 U.S.C. § 1983. The district court ultimately dismissed this action with prejudice as a sanction. Mr. Connelly appeals and we affirm.

Mr. Connelly was originally represented in this employment action, filed on June 28, 1995, by the law offices of W.T. Martin, Jr. On June 17, 1996, Mr. Martin moved to withdraw as counsel because of Mr. Connnelly's failure to cooperate and pay costs incurred on his behalf. While Mr. Connelly was searching for new counsel defendants served a motion on August 5, 1996, to compel an independent psychological evaluation of Mr. Connelly, the production of certain documents, and payment of costs. On August 28, the district court permitted Mr. Martin to withdraw and granted entry of local attorney Terry Word and Texas attorney John Lesly as Mr. Connelly's new counsel. Defendants contacted Mr. Lesly about the discovery motion, but Mr. [*3] Lesly never returned their telephone calls. On September 6, defendants filed a motion to compel detailing Mr. Connelly's history of delay and asserting defendants' prejudice. They submitted a proposed order to Magistrate Deaton along with a letter indicating that they had never received a response from Mr. Lesly. A copy of this letter was also mailed to Mr. Lesly. On October 3, Magistrate Deaton granted the motion to compel and ordered payment of costs and the production of Mr. Connelly's medical records and 1995 tax returns. The order also specifically admonished Mr. Connelly to cooperate in discovery or have his action

Case No. 1:05-cv-00637-REB-PAC   Document 72   filed 09/22/05   USDC Colorado   pg 12 of 15

Page 2

1998 U.S. App. LEXIS 1951, *3; 1998 Colo. J. C.A.R. 789

dismissed. Although defendants received a check for the payment of costs, Mr. Connelly failed to comply with the rest of the order.

In the meantime, on September 11, one of the defendants moved for summary judgment contending that as a co-employee he was not a proper defendant in a Title VII or section 1983 action. On September 30, defendants moved for summary judgment on res judicata grounds. Mr. Connelly's responses to these motions were due on September 30, and October 17, respectively. Mr. Connelly did not timely respond to either of them. n1

> n1 Mr. Lesly allegedly mailed a response to defendants' motion for summary judgment on res judicata grounds on October 29. The response was filed in the district court on November 1—two days after the court had already dismissed the action and well past the due date.

**[*4]**

A Rule 16 settlement conference was scheduled for October 16. Neither Mr. Connelly, Mr. Word, nor Mr. Lesly attended the conference. Nor did they provide notice or an explanation to the court for their absence.

On October 28, because defendants had not received any response from Mr. Connelly or his attorneys concerning the summary judgment motions, defendants submitted papers which outlined Mr. Connelly's failure to prosecute this case and requested that the action be dismissed. On October 30, the district court granted the summary judgment motions and dismissed the case with prejudice, specifically citing as grounds for dismissal Mr. Connelly's failure to respond to these motions which constituted his consent to them under local rules, his failure to comply with the Magistrate's discovery order, and his failure to attend the settlement conference.

Although the district court characterized its dismissal as a grant of summary judgment, we view the order more properly as an involuntary sanction dismissal under Fed. R. Civ. P. 16(f), 37(b)(2), and 41(b) for a party's failure to appear at a pretrial conference, obey discovery orders, or prosecute an action. We review such dismissals **[*5]** under an abuse of discretion standard. Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993).

Before imposing dismissal as a sanction, the district court must consider the following factors: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. Id. These factors do not constitute a "rigid test," but rather represent criteria to guide the court in its decision. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). Ordinarily the district court should address these factors on the record. Id. Only when these factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction. Id.

Although dismissal is a drastic sanction, "we have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Here, Mr. Connelly has repeatedly failed to cooperate **[*6]** in the discovery process and obey court orders and rules, which has resulted in delaying these proceedings. Despite the Magistrate's explicit warning of dismissal, Mr. Connelly failed to comply with the discovery order, missed a scheduled settlement conference, and failed to timely file responses to defendants' summary judgment motions. We are not confronted with an isolated incident of negligence or noncompliance, but rather a persistent failure to prosecute the complaint justifying dismissal. See Meade v. Grubbs, 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988). Although it would have been better if the district court had explicitly discussed the factors listed above, our review of the record persuades us that the court did not abuse its discretion in dismissing Mr. Connelly's claim. See Green, 969 F.2d at 919.

We **AFFIRM** the order of the district court.

ENTERED FOR THE COURT

Stephanie K Seymour

Chief Judge

# APPENDIX 2

LEXSEE 1994 U.S. APP. LEXIS 30062

**PENDLETON INSURANCE, ANGUILLA, a company chartered in Anguilla, British West Indies; DATALINK MANAGEMENT, INC., a Colorado corporation, Plaintiffs-Appellees, v. VISH SHAH, also known as Vishwa Shah, also known as Sanu Shah, also known as V. Shan, Defendant-Appellant, and AURORA INVESTMENT TRUST, LTD., a Liberian company, Defendant.**

No. 94-1156

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

**1994 U.S. App. LEXIS 30062**

**October 27, 1994, Filed**

**NOTICE:** [*1] THIS ORDER AND JUDGMENT IS NOT BINDING PRECEDENT, EXCEPT UNDER THE DOCTRINES OF LAW OF THE CASE, RES JUDICATA, AND COLLATERAL ESTOPPEL. THE COURT GENERALLY DISFAVORS THE CITATION OF ORDERS AND JUDGMENTS; NEVERTHELESS, AN ORDER AND JUDGMENT MAY BE CITED UNDER THE TERMS AND CONDITIONS OF THE COURT'S GENERAL ORDER FILED NOVEMBER 29, 1993. 151 F.R.D. 470.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 42 F.3d 1406, 1994 U.S. App. LEXIS 39388.

**PRIOR HISTORY:** (D.C. No. 93-N-558). (D. Colo.)

**LexisNexis(R) Headnotes**

**JUDGES:** Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

**OPINIONBY:** STEPHANIE K. SEYMOUR

**OPINION:** ORDER AND JUDGMENT *

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

Both parties waived oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially [*2] assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted on the briefs.

Pendleton Insurance, Anguilla, and Datalink Management, Inc. (plaintiffs) brought a diversity action against Vishwa Shah and Aurora Investment Trust, a corporation owned or controlled by Mr. Shah, to recover $360,000 transferred to Mr. Shah and/or Aurora. Plaintiffs sued, inter alia, for conversion, breach of contract, and breach of fiduciary duty. The court granted plaintiffs' motion for default judgment against Mr. Shah for failure to appear for a settlement conference and for failure to comply with previously issued orders. Mr. Shah appeals and we affirm. n1

        n1 Default judgment was also entered against Aurora Investments; however, only Mr. Shah has appealed. See rec., vol. I, doc. 38.

Mr. Shah, who has appeared pro se throughout these proceedings, began his problems by failing to appear at a pretrial conference pursuant to Fed. R. Civ. P. 16. The court awarded plaintiffs [*3] attorneys fees, continued the conference, and warned Mr. Shah that if he did not appear next time, a motion for default judgment would be entertained. At the rescheduled conference, Mr. Shah appeared by phone and was ordered to participate in the preparation of a scheduling and discovery order. Plaintiffs subsequently moved for a default judgment against Mr. Shah, alleging that he failed to comply with this order. The court ordered entry of a notice of default upon determining that no scheduling order had been prepared. When Mr. Shah failed to appear at a scheduled settlement conference, the presiding magistrate judge recommended that default judgment be entered against him. Although

Mr. Shah filed written objections to the recommendation, it was adopted by the district court after a hearing.

On appeal, Mr. Shah alleges that plaintiffs' motion for default was premature because it was made before the scheduling order was due, that he was not provided an opportunity to be heard on the motion, and that he should not be sanctioned for failing to attend the settlement conference because the notice of default had already been entered. We address these contentions in turn.

Mr. Shah contends **[*4]** that plaintiffs' motion for default judgment was premature because it was filed before the scheduling order was due. On July 15, 1993, at a discovery/scheduling conference, the trial court ordered a stipulated scheduling order prepared by August 1. In addition, however, the court ordered Mr. Shah to contact plaintiffs' counsel on July 16 and to cooperate in the preparation of this order. Plaintiffs' motion for default, filed July 21, 1993, set out the problems they encountered in attempting unsuccessfully to obtain Mr. Shah's cooperation. On July 28, after Mr. Shah denied receiving this motion, plaintiffs filed an amended motion for default, reciting that Mr. Shah had still supplied no information with regard to the proposed stipulation. No order was ever filed. On July 28, the court directed entry of a notice of default against Mr. Shah for failure to follow court orders. Under these circumstances, Mr. Shah's argument that plaintiffs' motion was premature is clearly specious. Mr. Shah was ordered to cooperate in preparing the order beginning July 16. Plaintiffs' motion for default and the court's entry of notice of default were predicated on Mr. Shah's continuing failure to cooperate **[*5]** as ordered. The actual date upon which the order was due is simply irrelevant, particularly when no order was ever produced.

Mr. Shah's argument that he was denied the opportunity to be heard on the motion is flatly contradicted by the record. On July 29, Mr. Shah filed an affidavit in opposition to the entry of default. Moreover, a settlement conference was held on August 11, at which Mr. Shah could have been heard on the motion had he chosen to attend. The magistrate's recommendation that default judgment be granted against Mr. Shah specifically informed Mr. Shah that he could file written objections to the recommendation, and Mr. Shah did so. A hearing was held on the magistrate's recommendation on March 10, 1994, which Mr. Shah failed to attend. Given this sequence of events, Mr. Shah's allegation that he had no opportunity to be heard is utterly without merit.

Finally, we address Mr. Shah's contention that he should not be sanctioned for failing to attend the August 11 settlement conference because his physical appearance was moot under the circumstances. We disagree.

The Federal Rules of Civil Procedure authorize default judgments against parties who fail to comply with court **[*6]** orders . . . . Fed.R.Civ.P. 37(b)(2), (d). The court may also impose sanctions on a party or party's attorney who fails to obey a scheduling or pretrial order. Fed.R.Civ.P. 16(f). Our review of such sanctions is governed by the abuse of discretion standard in the totality of the circumstances.

Because a default judgment is a harsh sanction, due process requires that "failure" is a sufficient ground only when it is the result of "wilfullness, bad faith, or [some] fault of petitioner" rather than inability to comply. We have defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."

M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872–73 (10th Cir. 1987) (citations omitted). Rule 16(f) specifically provides that if a party does not appear at a scheduling or pretrial conference, the judge may enter sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(C), which authorizes entry of a default judgment. Mr. Shah recognizes that the prior entry of the notice of default was not the equivalent of a default judgment, and that a settlement conference was to be held at the hearing. Accordingly, **[*7]** the court did not abuse its discretion in basing the entry of default judgment in part on Mr. Shah's failure to attend the settlement conference.

AFFIRMED.

Entered for the Court

Stephanie K. Seymour

Chief Judge