IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

      Defendants.

---

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

Defendants Leah Anderson ("Anderson") and Wayne Majors ("Majors"), through their counsel Richard B. Caschette, Ross W. Pulkrabek, and Justin G. Blankenship of Starrs Mihm & Caschette LLP, submit the following reply in support of their Motion for Summary Judgment [# 45]:

**I.      SUMMARY**

Affidavit and deposition testimony authenticating Exhibits A, B, and C to the Memorandum Brief in Support of Motion for Summary Judgment [#46] is attached. Jerry Mills's objections to Exhibits A, B, and C, therefore, are moot.

Mills admits that he stole the interpleaded funds from Majors. Viewing the evidence in the light most favorable to Mills, there is no issue of disputed material fact for trial, and the Court should award the funds to Majors.

## II.   BURDEN OF PROOF

The parties appear to agree that each claimant to the interpleaded funds bears the burden of proving that his or her respective right to the funds is superior to that of the other claimants.  *See* Response to Motion for Summary Judgment at 7 [#70] (Sept. 19, 2005) (hereinafter "Response").

## III.   ELEMENTS OF CLAIMS

Mills makes a tortured argument that, to prevail on their motion for summary judgment, Majors and Anderson must prove the absence of a genuine issue of material fact "that Mills was arrested for allegedly stealing the interpleaded funds from Majors," "that the funds in this case were seized from Mills, pursuant to his arrest or pursuant to a search warrant," and "that Mills has pled guilty or been found guilty of stealing the funds from Majors."  Response at 9-10.  This is nonsense.  In an interpleader case, each party must prove that his or her right to the interpleaded funds is superior to that of the other claimants.  *See* Response at 7.  In the context of the instant motion for summary judgment, Majors and Anderson need only demonstrate that the evidence, taken in the light most favorable to Mills, establishes that Majors and/or Anderson have a right to the funds superior to the alleged "possessory interest" claimed by Mills.

## IV.   MATERIAL UNDISPUTED FACTS IN SUPPORT OF MOVANTS' CLAIM TO THE INTERPLEADED FUNDS

Mills fails to identify which, if any, of the facts set forth in the Memorandum Brief are disputed.  *See* REB Civ. Practice Standard § V.H.3.b.2.  Therefore, the Court should assume that Mills does not dispute Majors and Anderson's statement of the facts (including that Mills stole the interpleaded money from Majors) supporting their

request that summary judgment be entered in their favor.

Mills has raised a procedural objection to Exhibits A, B, and C to the Memorandum Brief, arguing, as a general proposition, that the Court must disregard any non-self authenticating exhibit to a motion for summary judgment that is not separately authenticated by witness testimony.  *See* Response at 11–13.  Mills, however, does not actually argue that Exhibits A, B, and C are not what they purport to be.

Majors and Anderson disagree with Mills's argument that an exhibit to a motion for summary judgment necessarily must be authenticated by an affidavit, even when the authenticity of the exhibit is not questioned.  Without conceding the point, however, Majors and Anderson submit Exhibits E and F, which establish that Exhibits A, B, and C are what they purport to be.  *See* Fed.R.Evid. 901; *see also* Affidavit of Kareem Carter (Sept. 28, 2005), attached as Ex. E (authenticating Exhibit A, a signed copy of which is appended to Mr. Carter's affidavit); Transcript of Deposition Testimony of Ronnie Chavez at 84:9–85:17 (Oct. 4, 2005), attached as Ex. F (authenticating Exhibits B and C).  Therefore, Mills's objections to Exhibits A, B, and C are moot.

## V.    FACTS THAT MILLS CANNOT ESTABLISH IN SUPPORT OF HIS CLAIM TO THE INTERPLEADED FUNDS.

Mills fails to identify which, if any, of the facts set forth in the Memorandum Brief are disputed.  *See* REB Civ. Practice Standard § V.H.3.b.2.  Therefore, the Court should assume that Mills does not dispute Majors and Anderson's statement of the facts or that Mills stole the interpleaded money from Majors.  Consequently, Mills cannot establish material facts in support of his claim to the interpleaded funds.  A thief

is never entitled to interpleaded money even when there is a dispute as to exactly which victim rightfully owns the interpleaded money.  *See United States v. Central Nat'l Bank*, 429 F. 2d 5, 7 (8th Cir. 1970).

## VI.    ARGUMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  Once the moving party has established a *prima facie* case for the entry of judgment in his or her favor, the burden shifts to the nonmoving party to demonstrate "that there is a genuine issue of material fact regarding 'the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir. 1995) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).  "The nonmoving party must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact."  *Id.* (emphasis added).  The Court must consider the evidence and reasonable inferences therefrom in the light most favorable to the non-moving party.  *See MacKenzie v. Denver,* 414 F.3d 1266, 1273 (10th Cir. 2005).

Majors and Anderson have met their initial burden of showing that, viewing the evidence in the light most favorable to Mills, the Court should enter judgment for the interpleaded funds in favor of Majors.  Even under Mills's own version of the facts, Mills is nothing more than a thief who stole the funds from Majors.  *See* Ex. A ¶¶ 9–10, 13;

Ex. B; Ex. C; *see also* Ex. E; Ex. F.  According to Mills, Majors instructed him to run to

Las Vegas and pick up a box of money for him.  *See* Ex. A ¶ 9; Ex. B; *see also* Ex E;

Ex. F.  Mills told the IRS "that he felt he had put up with Majors long enough and

decided to teach him a lesson.  Mills put the money in a duffel bag and stored it in the

corner of the room of the Metzger house in which he was staying at the time."  Ex A ¶

13; *see also* Ex. E.  Mills then proceeded to give some of the money to third parties,

including his friends and relatives.  *See* Ex. A ¶¶ 14–17; *see also* Ex. E.  Mills also

spent much of the money at casinos and strip clubs, including a $2,000 "massage" at

the "Wild Horse."  *See* Ex. A ¶¶ 26–28; *see also* Ex. E.  In a videotaped interview with

the Douglas County Sheriff's Department, Mills stated that he got the money from

Majors and that he "took it."  Ex. B; *see also* Ex. F.  Mills conceded, "I know it's not my

money, you know, and I know I have no right to it."  Ex. C; *see also* Ex. F.  Far from

showing that Mills has a legally cognizable interest in the funds, Mills's own version of

the events clearly demonstrates that the funds should be awarded to Majors.

In his Response, Mills utterly fails to meet his burden of establishing the

existence of a single genuine issue of material fact for trial.  Mills offers no evidence,

much less admissible evidence, to rebut the undisputed facts listed by Majors and

Anderson in the Memorandum Brief in Support of Motion for Summary Judgment.

Exhibit A-1 to Mills's Response, which appears to be a computer printout of a

newspaper article published in 1994 describing Majors's involvement in a "zero-down"

bankruptcy firm, has no bearing at all on this case and certainly does not raise any

genuine issue of material fact.  Moreover, that article would not be admissible at trial

because it is irrelevant, *see* Fed.R.Evid. 402, is inadmissible character evidence, *see*

Fed.R.Evid. 404(b), Fed.R.Evid. 608(b), and is rank hearsay to which no exception

applies, *see* Fed.R.Evid. 802.

Rather than offer a single shred of evidence that raises a genuine issue of

material fact, Mills makes the strained argument that this Court should not award the

funds to Majors because Majors and Anderson "have positioned Leah Anderson as the

individual who would claim a personal ownership interest in the funds."  Response at 3.

Mills ignores the fact that Majors and Anderson are husband and wife, that they have

both appeared as parties in this case, and that they are pursuing relief jointly.  *See*

*generally* Amended Answer [#50] (accepted for filing Aug. 29, 2005).  It makes no

practical or legal difference whether the funds are awarded to Majors or to Anderson.

As spouses, Majors and Anderson share an interest in the interpleaded funds,

regardless of whether Anderson earned the money (as Majors and Anderson claim) or

whether the money belongs to Majors (as Mills claims).  Mills also overlooks the fact

that Majors and Anderson's prayer for relief requests "such further relief as the Court

deems proper under the circumstances."  Amended Answer at 3.  As noted in a recent

order of this Court, Majors is and continues to be among the claimants to the funds.

*See* Partial Judgment as to the United States Only ¶ 16 [71] (Sept. 19, 2005).  Nothing

in the Amended Answer precludes Anderson and Majors from asking the Court to

award the funds to Majors where, as here, circumstances make such an award

appropriate.

The Court similarly should reject Mills's perplexing and convoluted contention that "Movants do not request judgment in favor of Majors against Mills on either of the two Cross Claims that Mills actually presents in the pleadings."  *See* Response at 6. Mills's so-called "cross claims" are nothing more than his facially absurd theories attempting to justify why he should receive some or all of the interpleaded funds.  *See* Defendant Jerry Mills's Answer and Cross Claims at 4–5 (May 11, 2005).  They are not "cross claims" against Majors and Anderson, nor is it even necessary or appropriate for Mills to assert "cross claims" to the funds in this interpleader case.  *See id.*  Mills has failed to articulate any recognized theory or cite any statute, regulation, or case that would entitle him to any portion of the interpleaded funds.  Majors and Anderson's Motion for Summary Judgment plainly seeks to resolve any and all claims to the interpleaded funds by requesting that judgment for the funds be entered in favor of Majors.  Mills's argument to the contrary is simply absurd.

Finally, Exhibits E and F hereto moot Mills's argument that the Court should not consider Exhibits A, B, and C to the Memorandum Brief in Support of Motion for Summary Judgment because they were not authenticated by affidavit testimony.  *See* Response at 11–13.  Mills does not contest that Exhibits A, B, and C are what they purport to be, nor has he submitted any affidavit testimony or other evidence that would call the authenticity of Exhibits A, B, and C into question.

WHEREFORE, Defendants Leah Anderson and Wayne Majors respectfully request that the Court enter judgment in favor of Wayne Majors for the interpleaded funds in the full amount of $534,070, together with any accumulated interest.

Dated October 7, 2005.

 s/ Justin G. Blankenship
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone:  (303) 592-5900
Fax:  (303) 592-5910
rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com

*Attorneys for Defendants Leah Anderson and Wayne Majors*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2005, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following e-mail addresses:

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, Inc.
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
sjaniszewski@riggsabney.com

        s/ Justin G. Blankenship
        Richard B. Caschette
        Ross W. Pulkrabek
        Justin G. Blankenship
        STARRS MIHM & CASCHETTE LLP
        1675 Broadway, Suite 1800
        Denver, CO 80202
        Phone:  (303) 592-5900
        Fax:  (303) 592-5910
        rcaschette@starrslaw.com
        rpulkrabek@starrslaw.com
        jblankenship@starrslaw.com

        *Attorneys for Defendants Leah*
        *Anderson and Wayne Majors*