IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-637-REB-PAC

**UNITED STATES OF AMERICA**
    Plaintiff,

v.

**LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER,
and JERRY MILLS,**
    Defendants.

---

### RESPONSE TO MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 16(f)

---

**COMES NOW** Defendant Jerry Mills, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and submits his RESPONSE to the MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 16(f) filed by Leah Anderson and Wayne Majors.

## INTRODUCTION

Leah Anderson and Wayne Majors (Movants) have filed a MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P.16(f) [#72] (MOTION), in which they claim that Mills and/or his attorney violated the SCHEDULING ORDER [#19] in this case. Mills and his attorney complied with the spirit of the SCHEDULING ORDER, and, therefore, sanctions should not be imposed against either of them. Movants cite no authority that supports their MOTION, as all of the cases they depend upon are distinguishable. Defendant Majors lacks equitable standing to ask for sanctions against Mills, because he did not appear at the settlement conference and did

not send a representative with full settlement authority in his stead. The common law fiction that husband and wife are one does not exist is Colorado.

## FACTS

Pursuant to the SCHEDULING ORDER in this case [#19], a settlement conference was set for September 7, 2005, at 3:00 p.m. The Order also provided that:

> [P]arties, attorneys, and client representatives with full authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

SCHEDULING ORDER, paragraph 10a.

On September 1, 2005, counsel for Jerry Mills submitted DEFENDANT JERRY MILLS' CONFIDENTIAL SETTLEMENT STATEMENT, the last paragraph of which reads as follows:

> Jerry Mills will not be able to attend the settlement conference. He has given me full authority to settle this case. I should have his executed Power of Attorney by the scheduled conference date.

The Affidavit of Steven Janiszewski is attached as Exhibit 1, and a copy of DEFENDANT JERRY MILLS' CONFIDENTIAL SETTLEMENT STATEMENT is identified and authenticated therein, paragraph 2, and attached thereto as Exhibit 1a. Also on September 1, 2005, counsel for Mills notified lead counsel for Movants, Richard B. Caschette, that Mills would not be able to attend the settlement conference; that Mills had given his counsel full authority to settle this case; and that Mills' counsel should have Mills' Power of Attorney by the scheduled conference date. Mr. Caschette has attached a copy of that notification to his MOTION as Exhibit A.

2

Counsel for Mills received the executed Power of Attorney from Jerry Mills in time for the settlement conference and took it with him to the conference. He showed it to Magistrate Judge Coan as soon as she had greeted him and explained how she was going to proceed with the settlement conference. Affidavit of Steven Janiszewski, Exhibit 1, paragraph 3. The Power of Attorney is attached to the Affidavit as Exhibit 1b. During the settlement negotiations, Magistrate Judge Coan asked counsel for Mills to get Mills on the telephone, and counsel did so. Affidavit of Steven Janiszewski, paragraph 4. Defendant Wayne Majors did not attend the settlement conference. Affidavit of Steven Janiszewski, paragraph 5.

On September 7, 2005, Magistrate Judge Coan issued a MINUTE ENTRY FOR SETTLEMENT CONFERENCE [#53], in which she indicates that a Settlement Conference was held that day in this case for 1 hour and 45 minutes; that no settlement was reached; that the Settlement Conference was concluded; and that no record was made. For the Court's convenience a copy of the MINUTE ENTRY FOR SETTLEMENT CONFERENCE [#53] is attached to the Affidavit of Steven Janiszewski as Exhibit 1c.

## ARGUMENT

1. **Mills And His Attorney Complied With The Spirit Of The Scheduling Order.**

Movants invoke Fed.R.Civ.P. 16(f) and Fed.R.Civ.P. 37(b)(2)(B) and (C), page 3, which express the court's inherent power to impose sanctions for violation of a scheduling order. Inherent power describes "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

3

expeditious disposition of cases. *Link v. Wabash R.R.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). As the Supreme Court noted in *United States v. Hudson,* 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812): "Certain implied powers must necessarily result to our courts of justice, from the nature of their institution ... because they are necessary to the exercise of all others." Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980). Recognition and application of such power is "grounded first and **foremost upon necessity**." *United States v. Providence Journal Co.,* 485 U.S. 693, 701, 108 S.Ct. 1502, 1508, 99 L.Ed.2d 785 (1988) (dismissing certiorari) (discussing federal courts' inherent power to initiate criminal contempt proceedings). Emphasis supplied. Thus, a federal court may only invoke its inherent power when **necessary** to protect its ability to function. This includes more than "the power to impose silence, respect and decorum, in [its] presence, and submission to [its] lawful mandates," *Anderson v. Dunn,* 19 U.S. (6 Wheat.) 204, 227, 5 L.Ed. 242 (1821).

To ensure that the goals of Rule 16 are not frustrated, it is necessary for a district court to be able to order any party, who, by retaining full settlement authority, effectively has decided to represent himself for settlement purposes, to produce an individual at the pretrial conference substantially prepared to discuss settlement options; this individual *may* be the party himself. To enforce such an order, the court may rely on its power to adjudge defiant parties in civil contempt and impose sanctions--ranging from fines to the striking of pleadings--on them.

4

Therefore, we conclude that the power to direct parties to produce individuals with full settlement authority at pretrial settlement conferences is inherent in the district courts. *In re Novack*, 932 F.2d 1397, 1406 (11th Cir. 1991).

Here, it was not necessary to the functioning of the court for Mills to appear at the settlement conference in person, because he had produced an individual with full settlement authority, his attorney in fact, at the settlement conference. It has long been established that the attorney in fact of a party to litigation can settle the litigation just as well as the party himself. *See Wickliffe v. Owings,* 58 U.S. 47, 50, 17 How. 47, 15 L.Ed. 44 (1854). Magistrate Judge Coan gave no indication in her MINUTE ENTRY FOR SETTLEMENT CONFERENCE [#53] that the settlement conference had been impaired for any reason. Mills complied with the spirit of the SCHEDULING ORDER in this case, and it would be an abuse of discretion to impose sanctions upon him or his attorney, as Movants request. Nonetheless, Movants claim on page 4 of their Motion that "Mills violated the Scheduling Order by failing to attend the September 7, 2005 settlement conference."

### 2. Movants Cite No Authority That Supports Their Motion.

Movants cite four cases in support of their MOTION. The first case, *Official Airline Guides v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) is distinguishable from this case on the facts, but it supports the proposition that Mills' complied with the spirit of the SCHEDULING ORDER more than it supports the proposition that Mills violated the SCHEDULING ORDER. In *Goss*, the sanctioned attorney of record appeared at the settlement conference alone, without settlement authority, and

5

had no one with settlement authority available by telephone. Here, counsel of record for Mills was also attorney in fact for Mills, by virtue of the Power of Attorney, with full authority to settle the case, and counsel was able to get Mills on the telephone, upon the request of Magistrate Judge Coan.

The second case that Movants rely upon is *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 650, 656 (7th Cir. 1989). It is distinguishable from the case at bar also, because Oat Corporation sent only its attorney of record to the pretrial conference. It is implied in the *G. Heileman* case that, had Oat Corporation sent a corporate representative to the pretrial conference, the order would have been complied with, and it would have been an abuse of discretion for the trial court to have imposed sanctions. *G. Heileman*, F.2d 655, 656. Here, Mills sent his attorney in fact to the settlement conference, with full authority to settle the case. Also, notice that the Magistrate Judge in *G. Heileman* put it on the record that the pretrial conference was impaired because of Oat Corporation's failure to send a corporate representative. *G. Heileman*, F.2d 655. Whereas, here, Magistrate Judge Coan gave no indication in her MINUTE ENTRY FOR SETTLEMENT CONFERENCE [#53] that the settlement conference was impaired for any reason.

The third case upon which Movants rely is *Connelly v. Kehoe*, No. 96-2284, 1998 U.S. App. LEXIS 1951 at 4-6 (10th Cir. Feb. 12, 1998), which is an unpublished opinion and should not have been cited by Movants, because the issue has been addressed in two published opinions, both of which are cited by the *Kehoe* Court. 10th Cir.R.36.3. However, neither of the published cases nor

6

*Kehoe,* itself, apply to this case, because they all discuss the imposition of dismissal as a sanction, and Movants have not asked for dismissal of Mills claims, only for $1,200 in attorney fees.

The Movants' fourth case is, also, an unpublished opinion that should not have been cited pursuant to 10th Cir.R.36.3, *Pendleton Insurance v. Shah*, No. 94-1156, 1994 U.S. App. LEXIS 30062 at 6-7 (10th Cir. Oct. 27, 1994). The issue in Pendleton has been addressed in *M.E.N. Co. v. Control Fluidics, Inc.* 834 F.2d 869, 872-73 (10th Cir. 1987), which is cited by the *Shah* court. *Control Fluidics* reviewed and reversed the trial court's entry of default as a sanction for more than one discovery violation, and informed us that: The court may also impose sanctions on a party or party's attorney who fails to obey a scheduling or pretrial order. Fed.R.Civ.P. 16(f). Our review of such sanctions is governed by the abuse of discretion standard, *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976), **in the totality of the circumstances**, In re Sanction of Baker, 744 F.2d 1438, 1440 (10th Cir.1984) (en banc), *cert. denied,* 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985). *Control Fluidics*, 834 F.2d at 872, emphasis supplied.

Here, the totality of the circumstances indicates that Mills complied with the spirit of the Scheduling Order. Mills sent his attorney in fact to the settlement conference with full authority to settle the case. Mills informed the Court and opposing counsel in advance that he would be sending his attorney in fact, instead of appearing himself. The court conducted a settlement conference for 1 hour and 45 minutes and issued a MINUTE ENTRY FOR SETTLEMENT CONFERENCE,

indicating that a settlement conference was held and concluded with no settlement reached and no record made. This Court would abuse its discretion if it were to grant Movants' MOTION. *Control Fluidics*, 834 F.2d at 872.

### 3. Majors Lacks Equitable Standing To Move For Sanctions.

Defendant Wayne Majors did not appear at the scheduled settlement conference in this case; nor did his counsel inform the Court or counsel for Mills in advance who Majors would be sending in his stead with full authority to settle the case. Affidavit of Steven Janiszewski, paragraph 5. On page 2 of the MOTION, Counsel for Movants tacitly admits that Defendant Wayne Majors did not attend the settlement conference. There, Richard B. Caschette states that: "Upon receipt of Mr. Janiszewski's e-mail, the undersigned believed that the Court no longer was requiring parties to be present." The gap in Caschette's reasoning is as obvious and awesome as the Grand Canyon. Nothing in the e-mail from Mills' counsel, attached as Exhibit A to the MOTION, could (logically) lead to such a conclusion. Caschette's conclusion is a non sequitur, perhaps, an intentional non sequitur. Perhaps, Mr. Caschette, nobly, thought it better to attempt to make an excuse for his client's non appearance than to admit that Majors violated the SCHEDULING ORDER.

Movants do not inform us who appeared at the Settlement Conference for Majors with full authority to settle his lease claim against Mills, but based upon Movants' position in their MOTION FOR SUMMARY JUDGMENT, Mills anticipates that Movants will claim, in their Reply, that Leah Anderson, as the wife of Wayne Majors, had such authority. That position is untenable. The common-law fiction

8

that husband and wife are one does not exist in Colorado. *Rains v. Rains*, 97 Colo. 19, 46 P.2d 740, 742 (1935). The wife is placed upon precisely the same footing as a femme sole. *Scott v. Mills*, 7 Colo. App. 155, 42 P. 1021, 1022 (1895). Any woman, while married, may sue and be sued, in all matters having relation to her property, person, or reputation, in the same manner as if she were sole. Section 14-2-202, C.R.S. Unless Leah Anderson carried a Power of Attorney from Wayne Majors giving her full authority to settle his lease claim against Mills into the Settlement Conference, she did not have authority to settle this case for Wayne Majors. Mr. Caschette's illogical interpretation of Mills' e-mail notification that his attorney in fact would appear instead of Mills, justifies the inference that Ms. Anderson did *not* have such a POA with her at the Settlement Conference. If the inference were, in fact, accurate, Wayne Majors would be the one who violated the SCHEDULING ORDER, and the doctrine of unclean hands would deprive Majors of standing move for sanctions against Mills.

### CONCLUSION

Mills complied with the spirit of the Scheduling Order in this case by sending his attorney in fact to the Settlement Conference with full authority to settle this case. The Movants have cited no authority that supports sanctioning a party who sends his attorney in fact, with full authority to settle the case, to the Settlement Conference in his stead. This Court should not indulge its inherent power to impose sanctions, in this instance, because it is not necessary to do so. It was not necessary to the functioning of the court for Mills to literally appear in person at the Settlement Conference, because he produced an individual with full

settlement authority, his attorney in fact, at the settlement conference. This Court should deny the MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P.16(f), filed by Defendants Leah Anderson and Wayne Majors.

Dated: October 12, 2005

>RESPECTFULLY SUBMITTED,
>
>/s/ Steven Janiszewski
>Steven Janiszewski
>**RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS**
>7979 East Tufts Avenue Parkway, Suite 1300
>Denver, Colorado 80237
>Phone:    (303) 298-7392
>Fax:   (303) 298-1319
>ATTORNEY FOR DEFENDANT JERRY MILLS

## CERIFICATE OF SERVICE

I hereby certify that on October 12, 2005 I electronically filed the foregoing **RESPONSE TO MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P.16(f), including EXHIBIT 1,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses

James S. Russell
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202
James.Russell2@usdoj.gov

Richard B. Caschette
Starrs Mihm & Caschette LLP
1675 Broadway, Suite 1800
Denver, Colorado
rcachette@starrslaw.com

>/s/ Steven Janiszewski

10