IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-637-REB-PAC

**UNITED STATES OF AMERICA**
    Plaintiff,

v.

**LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER,
and JERRY MILLS,**
    Defendants.

---

### AFFIDAVIT OF STEVEN JANISZEWSKI

---

I, Steven Janiszewski, having been duly sworn upon oath, state and aver as follows:

1.  I am counsel of record for Defendant Jerry Mills in the above-captioned action.

2.  On September 1, 2005, I submitted Defendant Jerry Mills' Confidential Settlement Statement, to Magistrate Judge Coan. A true and accurate copy of that Confidential Settlement Statement is attached to this Affidavit as Exhibit 1a.

2.  Also on September 1, 2005, I notified lead counsel for Leah Anderson and Wayne Majors, Richard B. Caschette, that Mills would not be able to attend the settlement conference; that Mills had given his counsel full authority to settle this case;

**EXHIBIT 1**

and that Mills' counsel should have Mills' Power of Attorney by the scheduled conference date. Mr. Caschette has attached a copy of that notification to his Motion as Exhibit A.

3. I received the executed Power of Attorney from Jerry Mills in time for the settlement conference and took it with me to the settlement conference on September 7, 2005, at 3:00 p.m. I showed the POA to Magistrate Judge Coan as soon as she had greeted me and explained how she was going to proceed with the settlement conference. A true and correct copy of the Power of Attorney I took to the settlement conference is attached to this Affidavit as Exhibit 1b.

4. During the settlement negotiations, Magistrate Judge Coan asked me to get Jerry Mills on the telephone, and I did get him on the telephone.

5. Defendant Wayne Majors did not attend the settlement conference; nor did nor did his counsel inform the Court or counsel for Mills in advance who Majors would be sending in his stead with full authority to settle the case.

6. On September 7, 2005, Magistrate Judge Coan issued a Minute Entry For Settlement Conference [#53], a true and correct copy of which is attached to this Affidavit as Exhibit 1c.

7. Upon request, on September 13, 2005, I e-mailed a scanned PDF to Richard B. Caschette of the Power of Attorney from Jerry Mills that I had taken to the settlement conference.

8.      I have never seen a Power of Attorney from Wayne Majors to anyone, giving them full authority to settle his vehicle lease claim against Jerry Mills in this case at the settlement conference held on September 7, 2005, at 3:00 p.m.

Further the affiant sayeth naught.

Dated October 12, 2005

*/s/ Steven Janiszewski*
Steven Janiszewski

STATE OF COLORADO  )

COUNTY OF DENVER     )

Subscribed and sworn to before me, in my presence, this 12th day of October, 2005 by Steven Janiszewski.

*/s/ Shawn M. Herrera*
Notary Public

My commission expires:
4-2-08

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-637-REB-PAC

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**PERSONAL AND CONFIDENTIAL**

**LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER,
and JERRY MILLS,**

    Defendants.

---

### DEFENDANT JERRY MILLS' CONFIDENTIAL SETTLEMENT STATEMENT

---

**COMES NOW** Defendant Jerry Mills, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and submits his CONFIDENTIAL SETTLEMENT STATEMENT, applicable to the settlement conference scheduled for September 7, 2005, at 3:00 p.m.

The interpleaded funds in this case are unlaundered proceeds from a white-collar criminal enterprise operated by Wayne Majors (aka Jay Miller, Jay Merit, Jay Majors, K.W. Majors) with the help of his wife, Leah Anderson (aka Jennifer Leigh Metzger, Leah Marie Anderson), his brother-in-law, Wesley Metzger, and, among others, Jerry Mills—until December, 2004, when Mills intercepted a shipment of cash. Mills spent and gave or gambled away approximately half of the money and then voluntarily surrendered the remainder to the Douglas County Sheriff.

In Mr. Mills' opinion, the interpleaded funds should be released to him, pursuant to the Government's usual policy, alleged in the COMPLAINT, of returning voluntarily surrendered funds to the person who voluntarily surrendered them. Because the interpleaded funds were not seized by the Government in connection with a criminal investigation but, instead, were

voluntarily turned over to the Government by Jerry Mills, there is a common law presumption, expressed in Government policy, that the funds should be returned to Mills.

In this situation, Jerry Mills is the bailor and the Government is the bailee of the interpleaded funds. The presumption that the funds should be returned by the bailor to the bailee can be rebutted, but only by the true owner, who must articulate and prove her ownership interest in the funds.

Leah Anderson, in her COUNTERCLAIM (to Mills' CROSS CLAIM) has asserted an ownership interest in the funds, claiming that she had saved up the $534,070.00; that she was storing the money (in cash in a box) in her brother Wesley's attic; and, that Mills stole the money from that location. Leah Anderson has presented this claim before, to the Douglas County Sheriff, when the Sheriff had possession of the funds. The Douglas County Sheriff was not convinced and refused to pursue Anderson's theft complaint against Mills. That case is closed. Anderson cannot prove her alleged ownership interest in the interpleaded funds, and this is only one of the reasons she cannot prove the civil theft claim for treble damages that she has filed in this Court. Anderson should get neither the interpleaded funds from the Government nor damages from Mills.

Recently, Wayne Majors has filed a MOTION FOR SUMMARY JUDGMENT, requesting that the interpleaded funds be given to him, even though he has not asserted a claim to the funds in this case. None of the Exhibits Majors relies upon for support of his Motion are identified and authenticated by affidavits, and Majors fails to address Mills' claims to the funds. For these and other reasons his MOTION FOR SUMMARY JUDGMENT will probably be denied.

Nonetheless, in the interests of judicial economy, Mills is willing to compromise and settle with Majors and Anderson for three-quarters of the interpleaded funds—$400,552.50. That is, Mills would receive $400,522.50. Majors and Anderson would receive $133,547.50.

Mills' Confidential Settlement Statement/2

Wayne Majors has not asserted an ownership interest in the funds. He has filed a permissive counterclaim (for breach of an alleged vehicle lease agreement), which is not supported by independent grounds for federal jurisdiction. Because this Court lacks jurisdiction over the Majors counterclaim and should dismiss it, it does not warrant a settlement offer.

Jerry Mills will not be able to attend the settlement conference. He has given me full authority to settle this case. I should have his executed Power of Attorney by the scheduled conference date.

Dated: September 1, 2005

                                    RESPECTFULLY SUBMITTED,



Steven Janiszewski
*RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS*
7979 East Tufts Avenue Parkway, Suite 1300
Denver, Colorado 80237
Phone: (303) 298-7392
Fax:    (303) 298-1319
ATTORNEY FOR DEFENDANT JERRY MILLS

**EXHIBIT 1a**

Mills' Confidential Settlement Statement/3

Sep 07 05 12:04p     Moore# Tag  Agency          4057930672                p.1

## POWER OF ATTORNEY

I, Jerry Mills, one of the defendants in U.S. District Court, District of Colorado, Civil Action No. 05-CV-637-REB-PAC, designate my attorney of record, Steven Janiszewski, of Riggs, Abney Neal, Turpen, Orbison & Lewis, as my attorney-in-fact for the Settlement Conference scheduled in the referenced case on September 7, 2005, at 3:00 p.m.

Steven Janiszewski has full authority to settle the referenced case and may do everything necessary in my name and for my benefit which I could do if I were personally present. It is my intention that Mr. Janiszewski may perform any act and exercise any power, duty, right or obligation that I could perform or exercise. Such authority is intended to relate only to the settlement of the referenced case.

**IN WITNESS WHEREOF**, I have hereunto set my hand on September 7, 2005.

_____
Jerry Mills

STATE OF OKLAHOMA    )
                     ) ss.
COUNTY OF Cleveland  )

The foregoing instrument was acknowledged before me on September____, 2005 by Jerry Mills.

Witness my hand and official seal.
My commission expires    8-18-08    .

_____
M. Martin
Notary Public

[SEAL]



OFFICIAL SEAL
M. Martin
Cleveland County
Commission Expires Aug. 18, 2008

EXHIBIT 1b

## MINUTE ENTRY FOR SETTLEMENT CONFERENCE

TO: Docketing

DATE: September 7, 2005

FROM: Patricia A. Coan
U.S. Magistrate Judge

Case No.: 05-cv-00637-REB-PAC

USA v. Anderson, et al.

( x ) A Settlement Conference was held today and no settlement was reached.

( ) A Settlement Conference was held on          and a settlement was reached. The parties are to submit their settlement documents to Judge       on or before        2005.

Settlement Conference held for 1 hours 45 minutes.

Settlement Conference concluded: Yes

Record Made: no

cc: District Judge Blackburn
Magistrate Judge
Magistrate Judge Coan

Source:H:Judge\Settlement Conference Form.wpd

**EXHIBIT 1c**