IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

    Defendants.

**REPLY IN SUPPORT OF MOTION FOR SANCTIONS
PURSUANT TO FED.R.CIV.P. 16(f)**

Defendants Leah Anderson ("Anderson") and Wayne Majors ("Majors"), through their counsel Richard B. Caschette, Ross W. Pulkrabek, and Justin G. Blankenship of Starrs Mihm & Caschette LLP, submit the following reply in support of their Motion for Sanctions Pursuant to Fed.R.Civ.P. 16(f) [# 72]:

The Scheduling Order unambiguously required Jerry Mills ("Mills) to attend the September 7, 2005 settlement conference in person.  *See* Scheduling Order § 10(a) [#19] (June 23, 2005).  Moreover, the Scheduling Order expressly provided: "This requirement is not fulfilled by the presence of counsel." *Id.*  Accordingly, Mills's argument that he "complied with the spirit of the Scheduling Order" by authorizing his attorney to settle the case on his behalf is without merit.  Response to Motion for Sanctions Pursuant to Fed.R.Civ.P. 16(f) at 1, 5 [#76] (Oct. 12, 2005) (hereinafter "Response").

Mills struggles to justify his non-appearance by arguing that he "informed the Court and opposing counsel in advance that he would be sending his attorney in fact, instead of appearing himself." Response at 7. This argument is offensive insofar as it assumes that Mills could alter the terms of a Court order unilaterally. Moreover, Mills's contention that he "informed the Court" is misleading because it implies that his lawyer had a dialog with the Court and was told that parties would not be required to attend the settlement conference. The only effort that Mills made to "inform[] the Court" of his intention to skip the settlement conference was a declaration to that effect in the last paragraph of his confidential settlement statement to Magistrate Judge Coan. This was an unreasonable way for Mills to have notified the Court of his plan not to attend the settlement conference. Mills should have filed a motion to reschedule the settlement conference for a time he could attend in person or, alternatively, for leave not to attend the settlement conference.

The Court should reject Mills's strained argument that "Majors lacks equitable standing to ask for sanctions against Mills, because he did not appear at the settlement conference and did not send a representative with full settlement authority in his stead." Response at 1-2. Majors and Anderson are married, and their interest in this case is joint. Anderson had complete authority to settle this case for her and her husband.

Mills disingenuously asserts that Majors and Anderson failed to cite any authority supporting an award of attorneys' fees as sanctions for Mills's violation of the Scheduling Order. *See* Response at 5-6. The cases cited by Majors and Anderson

clearly demonstrate that the Court is authorized to enter sanctions against Mills under Fed.R.Civ.P. 16(f).[1]

An award of attorneys' fees incurred by Anderson and Majors in connection with the settlement conference is a reasonable and appropriate sanction for Mills's willful violation of the Scheduling Order. Mills knew that the Scheduling Order required his attendance at the settlement conference and simply decided not to comply with that Order. The fact that Mills's lawyer managed to procure a power of attorney from him three hours before the settlement conference and succeeded in reaching him by cell phone during the conference does not excuse Mills's absence from the conference. The Court should not allow Mills's deliberate violation of the Scheduling Order to go unpunished.

WHEREFORE Leah Anderson and Wayne Majors respectfully request that this Court enter an order rendering Jerry Mills and Steven Janiszewski (and his law firm) jointly and severally liable to them for attorneys' fees in the amount of $1,200.00.

Dated October 18, 2005.

---

[1] Although a small point, Mills is incorrect in his contention that 10th Cir. R. 36.3 prohibits the citation of unpublished opinions in this Court. *See* D.C.COLO.LCivR 7.1D (permitting citations to unpublished opinions); *see also* 10th Cir. R. 1.1 (limiting the scope of the Tenth Circuit local rules to cases on appeal before the Tenth Circuit).

          s/ Richard B. Caschette
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone:  (303) 592-5900
Fax:  (303) 592-5910
rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com

*Attorneys for Defendants Leah Anderson and Wayne Majors*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, Inc.
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
sjaniszewski@riggsabney.com

s/ Richard B. Caschette
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone:  (303) 592-5900
Fax:  (303) 592-5910
rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com

*Attorneys for Defendants Leah Anderson and Wayne Majors*

5