**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-00637-REB-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

    Defendants.

## ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is defendants/cross-claimants' Leah Anderson's and Wayne Majors's Motion for Summary Judgment [#45], filed August 26, 2005. Anderson and Majors claim that defendant Jerry Mills has no rightful claim of ownership to the interpleaded fund that is the subject of this action and seek to have the fund turned over to them. I grant the motion in part and deny it in part.

On December 18, 2004, at 10:00 p.m., Mills received a phone call from Majors, his employer, who instructed Mills to drive from Colorado to Las Vegas, Nevada, "to pick up something for him." (Motion App., Exh. A at 2, ¶ 9.) Mills arrived in Las Vegas the following morning, where he called Majors, who directed him to the parking lot of a local 7-Eleven. As directed, Mills went to the store and was soon approached by a man who handed him a heavily taped box and walked away. Mills then called Majors, who directed Mills to "drive back as fast as possible without getting stopped." (*Id.*, Exh. A at

3, ¶ 9.)  After Mills arrived back in Colorado, Majors instructed him to put the box in some hay near a barn on the property of Wesley Metzger, another of Majors's employees.  (*See id.*, Exh. A at 2, ¶ 5 & at 3, ¶ 10.)

Several days later, Mills became curious about what was in the box and opened it after Metzger, Anderson, and Majors had all left for holiday vacations.  Inside he found 110 bundles of $100 bills, each containing $10,000, or $1.1 million in cash.  He put the money in a duffel bag and stored it in his room.  The following day, he began sending money to his mother, brothers, friends, and girlfriend, passing out cash at local homeless shelters, and gambling at a casino in Blackhawk, Colorado.  When Metzger, Anderson, and Majors returned from their vacations on December 29, 2004, Mills packed his bags and headed west.  Along the way, he spent substantial sums at various Nevada casinos and strip clubs.  He did not return to Colorado until January 10, 2005, when he turned over what remained of the money to investigators at the Douglas County Sheriff's Office.  (*Id.*, Exh. A at 3-5, ¶¶ 13-29.)[1]

The Douglas County Sheriff's Office turned the money over to the IRS Criminal Investigation Division, which ultimately determined not to initiate forfeiture proceedings.  Because the government had not seized the money initially, and because both Mills, on the one hand, and Anderson and Majors, on the other, had made claims to the money,[2]

---

[1] The IRS-CID report asserts that Mills turned over $118,000 to the Douglas County Sheriff's Office. (Motion App., Exh. A at 5, ¶ 29.)  The actual amount of the interpleaded fund, however, is $534,070.00.  This apparently represented the total of what the government was able to recover of the money.

[2] Although Metzger was named as a party defendant, he never appeared in this action, and default judgment was entered against him.  (*See* **Default Judgment Only as to Defendant Wesley Metzger** [#62], filed September 12, 2005.)

the government instituted this interpleader action to determine who was the rightful owner of the subject fund. Anderson and Majors have now moved for summary judgment, arguing that Mills has no proper claim to the money and that it should be turned over to Majors.

I agree with defendants that Mills has no proper claim of entitlement to the money. "Cases identify two methods of rebutting a possessory claim of ownership of money. An adverse claimant may prove ownership by positive identification of the money. He may prove also that the claimant in possession holds the money unlawfully." *United States v. Estep*, 760 F.2d 1060, 1064 (10th Cir. 1985) (citations omitted). Here, Anderson and Majors have presented sufficient evidence to show that Mills did not have lawful possession of the money at any time after he brought it back to Colorado from Las Vegas. Their evidence demonstrates that Mills stole the money knowing that he was not authorized to take it. His claim of entitlement as a bailor of the money therefore fails.[3]

It does not follow, however, that Anderson and Majors are, therefore, entitled to the interpleaded fund. "The standard of proof as to rightful ownership . . . is a preponderance of the evidence." *Id.* at 1065. Anderson and Majors have presented not one iota of evidence to affirmatively establish that they, or either one of them, are the rightful owners of the money. Indeed, Anderson and Majors have artfully worded

---

[3] Mills's alternative claim that the money be turned over to the government and he be awarded 30 percent as a reward for having turned it in, fares no better. As against the rightful owner of the property, Mills's actions essentially amount to civil theft, *see* **§18-4-405, C.R.S.**, as to which the return of the purloined property would neither purge him of guilt, *see Ziegler v. Inabata of America, Inc.*, 316 F.Supp.2d 908, 916 (D. Colo. 2004), nor entitle him to a reward.

their pleadings to avoid directly claiming ownership, and have not even taken the simple step of attaching to their summary judgment motion an affidavit averring ownership.  There appears to be no evidence that Anderson was involved in the events by which the money came into Mills's possession initially,[4] although she is the person whom defendants in their answer request be awarded the fund.  Majors never told Mills that the box contained money, let alone to what the money was related, never took physical possession of the box from Mills, and ordered Mills to secret the box not on his own, but on Metzger's, property.  None of these facts, which are the extent of the current record, suggests a particularly strong case for ownership in either Anderson or Majors.

In any event, I am neither required nor inclined to conclude that either Anderson and Majors is entitled to the money simply because they are the last parties left standing who have made claim thereto.  If either or both of them have a valid claim of rightful ownership, they must prove it up.  Thus, to the extent that the motion seeks to have the fund awarded to Majors, it should be denied.

**THEREFORE, IT IS ORDERED** as follows:

(1) That the Motion for Summary Judgment [#45], filed August 26, 2005, is **GRANTED IN PART** and **DENIED IN PART**;

(2) That the motion is **GRANTED** with respect to the claims of Jerry Mills to the interpleaded fund, and those claims are **DISMISSED WITH PREJUDICE**;

---

[4] Indeed, in their answer, Anderson and Majors deny that they sent Mills to Las Vegas or ever directed him to take possession of the money. (Answer at 2, ¶ 7 [#10], filed May 2, 2005.)

(3) That in all other respects, the motion is **DENIED**; and

(4) That if Anderson and Majors, or either of them, wishes to perfect a claim of ownership of the subject fund, any such motion **SHALL BE FILED** by November 18, 2005, or this matter will be administratively closed pursuant to **D.C.COLO.LCivR 41.2**.

Dated October 19, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge