IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00637-REB-PAC

UNITED STATES OF AMERICA,

      Plaintiff(s),

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

      Defendant(s).

_____

## ORDER DENYING DEFENDANTS ANDERSON AND MAJORS'S MOTION FOR SANCTIONS
_____

Order Entered by Patricia A. Coan, Magistrate Judge

      In this interpleader action, the United States alleged that defendant Mills voluntarily turned over $534,070 to the Douglas County Sheriff's Office, which then deposited the funds with the United States through the United States Internal Revenue Service.  The United States has deposited the funds with the Court, asking the Court to determine the persons entitled to the monies.   An April 15, 2005 Order of Reference referred this matter to the undersigned for pretrial case management under 28 U.S.C. §636(a) and (b).  The matter now before the court is defendants Anderson and Metzger's Motion for Sanctions Pursuant to Fed. R. Civ.P 16(f), Doc. # 72, filed September 22, 2005, which is directed to defendant Mills.  Mills filed a response, and Anderson and Majors filed a reply.  Oral argument would not be of material assistance.

05-cv-00637-REB-PAC
January 16, 2006

I.

This case was set for a settlement conference on September 7, 2005.  See June 23, 2005 Scheduling Order, at 7.  The Scheduling Order stated that "[p]arties, attorneys and client representatives with full settlement authority must be present."  *Id.* The Order further said  "NOTE: this requirement is not fulfilled by the presence of counsel."  *Id.*

On September 7, 2005, defendants Anderson and Metzger appeared, with counsel, for the settlement conference.  Defendant Majors did not appear.  Defendant Mills did not appear, but his attorney, Mr. Janiszewski, was present with an executed power of attorney from Mills.  In his confidential statement to the magistrate judge, Mr. Janiszewski stated that Mills would not be able to attend the settlement conference but that Janiszewski would be present with Mills's power of attorney.  See Mills's Response, Janiszewski Affidavit, Ex. 1a.  During the January 7, 2005 settlement conference, Mills was contacted by telephone. The settlement conference was not successful.  A minute entry documented 1 hour and 45 minutes spent in the settlement conference.[1]

II.

Rule 16(a)(5), Fed. R. Civ. P. provides the court with authority to order the

---

[1]  As of September 7, 2005, the settlement conference memorandum form was used to document the magistrate judge's time spent in reading the parties' confidential statements in preparation for the conference and the time spent in the settlement conference, although the form did not specifically provide for a "preparation" time entry.  The form has since been modified to expressly record the time spent in preparation for and in the settlement conference.

2

05-cv-00637-REB-PAC
January 16, 2006

parties to appear for a conference to discuss settlement of the case.  Sanctions for

failing to appear for an court-ordered pretrial conference are available under Rule 16(f).

That rule provides:

> (f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 16(f), Fed. R. Civ. P. (2005)

Sanctions may be imposed by the court in its discretion.  See *National Hokey

League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976).  The court is to review

a party's request for sanctions in the "totality of the circumstances."  See *M.E.N. Co. v.

Control Fluidics, Inc.*, 834 F.2d 869 (10th Cir. 1987); *Matter of Baker*, 744 F.2d 1438,

1440 (10th Cir. 1984).   "[N]either contumacious attitude nor chronic failure is a

necessary threshold to the imposition of sanctions. The intent is to impose the sanction

where the fault lies." *Baker*, 744 F. 2d at 1440-41.  As specifically related to the alleged

failure to comply with Rule 16 orders, "[t]he primary purpose of sanctions in this context

is to insure reasonable management requirements for case preparation. The secondary

3

05-cv-00637-REB-PAC
January 16, 2006

purpose is to compensate opposing parties for inconvenience and expense incurred

because of any noncompliance with the reasonable management orders of the court."

*Id.* at 1441.

Defendants Anderson and Majors contend that Mills violated the Court's order

setting the settlement conference by not appearing for the settlement conference and

that the settlement conference was not successful because Mills was not present to

discuss the strength or weakness of his position.  Defendant Mills argues he

substantially complied with the court's order.  He contends that Anderson and

Metzger's cases are not on point; that Majors is estopped from complaining about Mills'

lack of attendance at the settlement conference because Majors did not appear, even

though his wife did; and that his failure to appear was substantially justified because

Mills notified both the court and the other defendants' counsel that Mills would not be

present for the conference, but that his attorney would be present with full authority

including a signed power of attorney.

Upon reviewing the motion, response and reply, the Court's file,  and the totality

of the circumstances in this case, I make the following findings and conclusions of law.

First, the court's June 23, 2005 Scheduling Order was consistent with Rule

16(a)(5).  The order setting the conference clearly stated that the parties' presence was

required and that the requirement would not be satisfied by the presence of counsel.

Second, Mills's failure to appear at the settlement conference has been the only

4

05-cv-00637-REB-PAC
January 16, 2006

instance in this case to date in which Mills did not follow a court order.

Third, while Mills did not obey the court's order requiring his presence for the settlement conference, he did provide his attorney with a power of attorney, and Mills also was available by telephone during the conference.  The magistrate judge was therefore able to speak with Mills and to conduct a settlement conference with at least three of the four defendants[2] claiming the right to ownership of the interpleaded funds. The primary purpose of the order, to conduct a settlement conference, which is a reasonable management requirement for case preparation, was accordingly not frustrated.

Fourth, there has been no explanation for Majors's failure to attend the conference, which puts him in the position of having unclean hands. There is no record that the magistrate judge is aware of that excuses Majors's appearance.

Fifth, Mills's attorney knew or should have known that the communications about settlement with the magistrate judge were confidential and could not be used for notice purposes.  He also knew or should have known that the correct procedure to request leave for Mills to appear by telephone or through the power of attorney,  was to file an appropriate motion after D.C. Colo. L.Civ. R. 7.1.A consultation with all opposing counsel or pro se parties.  Mills did not file any motion to excuse his absence.

---

[2] A default judgment was entered against Metzger a few days after the settlement conference. See Doc. # 62.

5

05-cv-00637-REB-PAC
January 16, 2006

Sixth, the fact that the settlement conference was unsuccessful may be the result of any number of factors, and was most probably due to Mills's perception of the strength of his claim, not his lack of appearance.  The lack of success may also be attributed to Majors's non-appearance or to the other defendants' beliefs concerning his or her right to the disputed funds.

In summary, when considering the totality of the circumstances, while Mills did not comply with the court's order requiring his appearance at the September 7, 2005 settlement conference, neither Mills nor his attorney has failed to comply with any other court order; and, because the Court was able to conduct a settlement conference, albeit with Mills on the telephone, there was substantial compliance with the court's order for a settlement conference.  Under the particular facts of the settlement conference at issue, Mills's non appearance was cured, at least in part by the power of attorney he gave his attorney and by his availability by telephone.  An award of sanctions would be unjust under these circumstances.

III.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that the Anderson and Majors's Motion for Sanctions Pursuant to Fed. R. Civ.P 16(f), filed September 22, 2005, Doc. # 72, is **denied** in its entirety.

Dated January 16, 2006.

05-cv-00637-REB-PAC
January 16, 2006

By the Court:
s/Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge