IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

    Defendants.

## RESPONSE TO DEFENDANT JERRY MILLS'S MOTION TO RECONSIDER

Defendants / Cross-Claimants Leah Anderson and Wayne Majors, through their attorneys Richard B. Caschette, Ross W. Pulkrabek, and Justin G. Blankenship of the law firm Starrs Mihm & Caschette LLP, submit the following response to Defendant Jerry Mills's Motion to Reconsider Ruling on Defendants' Motion for Summary Judgment as It Applies to His Cross Claims, with Incorporated Authority [docket # 83] (hereinafter "Motion to Reconsider"):

**A.    THE COURT PROPERLY DISMISSED MILLS'S CLAIMS TO THE INTERPLEADED FUNDS.**

The Court properly dismissed Mills's claims to the interpleaded funds in its Order re: Defendants' Motion for Summary Judgment [#78]. As the Court will recall, Anderson and Majors moved for summary judgment against Mills on his claims to the funds.[1]

---

[1] *See* Motion for Summary Judgment [#45]; Memorandum Brief in Support of Motion for Summary Judgment [#46].

Among the evidence submitted to the Court was an excerpt of Mills's videotaped confession to Detective Chavez of the Douglas County Sheriff's Office, in which he admitted: "I know it is not my money, you know, and I know I have no right to it."[2]

The Court applied the proper standard for evaluating motions for summary judgment and concluded that the evidence, viewed in the light most favorable to Mills, showed that he "has no proper claim of entitlement to the money."  Order re: Defendants' Motion for Summary Judgment at 3.  Even if one were to accept Mills's version of events as true, "Mills stole the money knowing that he was not authorized to take it."  *Id.*  The Court ruled that Mills's possessory claim of ownership to the funds fails because he held the funds unlawfully.[3]  *See id.* (citing *United States v. Estep,* 760 F.2d 1060, 1064 (10th Cir. 1985)).

The longstanding rule of law in Colorado is that "one doesn't get title to property by theft or by criminal conspiracy, or fraud equivalent thereto."  *Rogers v. People,* 94 P.2d 453, 457 (Colo. 1939).  The decisions that Mills casually cites as supposed authority for his so-called "possessory interest" are all from other jurisdictions and, moreover, are completely inapposite to the instant case.

---

[2] Memorandum Brief in Support of Motion for Summary Judgment, Ex. C.; *see also* Reply in Support of Motion for Summary Judgment [#75], Ex. F.

[3] The Court also correctly rejected Mills's alternate claim to a 30-percent reward.  *See* Order re: Defendants' Motion for Summary Judgment at 3 n.3.  There is no legal or equitable basis for Mills's preposterous claim that he should receive a reward for surrendering the money he stole.  As such, Mills's claim to a reward fails to state a claim upon which relief can be granted.

2

**B.     MILLS OFFERS NO GOOD REASON WHY THE COURT SHOULD REVISIT ITS ORDER DISMISSING HIS CLAIMS TO THE FUNDS.**

Modification of an order previously entered in a case may be proper "when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Major v. Benton,* 647 F.2d 110, 112 (10th Cir. 1981). No such grounds for reconsideration of the Court's Order re: Defendants' Motion for Summary Judgment are present here.

Mills's Motion to Reconsider simply repackages the same failed arguments he made in his Response to Motion for Summary Judgment [#70]. Contrary to Mills's arguments, there is no new evidence—much less "substantially different, new evidence," *Major,* 647 F.2d at 112—to support Mills's claim to the interpleaded funds.

In a strained effort to create the appearance of new evidence, Mills disingenuously states, "Subsequent to this Court's issuing its Order re: Defendants' Motion for Summary Judgment . . . Defendant Wayne Majors relinquished any potential claim that he may have had to the funds at issue in this case." Motion to Reconsider at 3. Mills was well aware in September 2005, when he filed his Response to Motion for Summary Judgment, that Anderson and Majors both were asserting that Anderson is the rightful owner of the funds.[4]

---

[4] In his Response to Motion for Summary Judgment, Mills wrote: "The pleadings of record reflect that Majors has not filed a claim to the interpleaded funds. . . . [F]rom the beginning of this case [Anderson and Majors] have positioned Leah Anderson as the individual who would claim a personal ownership in the funds." Response to Motion for Summary Judgment at 2-3.

In any event, Mills's claim to the funds is in no way advanced by Majors's affidavit testimony that the funds belong to Anderson. Mills admits that he has no right to the funds and that he stole them. Majors's testimony is only further evidence of Anderson's right to the funds.[5]

**C.    MILLS'S MOTION TO RECONSIDER IS UNTIMELY.**

Mills's Motion to Reconsider is untimely. Mills offers no credible explanation for his nearly three-month delay in submitting his Motion to Reconsider.

The posture of this case has changed significantly since the Court entered its Order re: Defendants' Motion for Summary Judgment. Based on that order, Anderson moved on November 18, 2005, for release of the interpleaded funds to her, and that motion has stood fully briefed for a substantial period of time.[6] Further, an evidentiary hearing has been set for February 16, 2006, on the motion for the release of the interpleaded funds to Anderson. Anderson incurred significant attorneys' fees filing her motion for the release of the interpleaded funds and will be incurring additional costs and fees in preparation for the hearing on her motion. Accordingly, it would be highly prejudicial to Anderson, not to mention a waste of judicial resources, for the Court to reconsider its Order re: Defendants' Motion for Summary Judgment.

---

[5] Mills's contention that "[n]o one knows who the true owner is," Motion to Reconsider at 6, is specious. Anderson, Majors, and Wesley Metzger each have stated under oath that the funds belong to Anderson. Mills cannot improve his claim to the funds, nor can he frustrate Anderson's claim, by professing his own ignorance as to the rightful owner of the funds.

[6] *See* Motion for Release of Interpleaded Funds to Leah Anderson [#80]; Response to Motion for Release of Interpleaded Funds to Leah Anderson [#81]; Reply in Support of Motion for Release of Interpleaded Funds to Leah Anderson [#82].

WHEREFORE, Defendant Leah Anderson respectfully requests that the Court DENY Defendant Jerry Mills's Motion to Reconsider Ruling [78] on Defendants' Motion for Summary Judgment as It Applies to His Cross Claims, with Incorporated Authority [#83].

Respectfully submitted January 18, 2006.

s/ Ross W. Pulkrabek
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone:  (303) 592-5900/Fax: (303) 592-5910
rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
blankenship@starrslaw.com
*Attorneys for Defendants Leah Anderson*
*and Wayne Majors*

5

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, Inc.
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
sjaniszewski@riggsabney.com

s/ Ross W. Pulkrabek
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone:  (303) 592-5900/
Fax:  (303) 592-5910

rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com
*Attorneys for Defendants Leah Anderson and Wayne Majors*

6