**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-CV-637-REB-PAC

**UNITED STATES OF AMERICA**
　　　Plaintiff,

v.

**LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER,
and JERRY MILLS,**
　　　Defendants.

---

**REPLY BRIEF RE: DEFENDANT JERRY MILLS'S
MOTION [83] TO RECONSIDER RULING [78] ON DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS IT APPLIES TO HIS CROSS CLAIMS**

---

**COMES NOW** Defendant Jerry Mills, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and submits his REPLY BRIEF RE: DEFENDANT JERRY MILLS'S MOTION [83] TO RECONSIDER RULING [78] ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS IT APPLIES TO HIS CROSS CLAIMS.

### INTRODUCTION

Defendants Leah Anderson and Wayne Majors have filed a RESPONSE [90] TO DEFENDANT JERRY MILLS'S MOTION TO RECONSIDER RULING [78] ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS IT APPLIES TO HIS CROSS CLAIMS (hereinafter, RESPONSE), in which they fail to address the legal arguments that Mills presented in his MOTION [83]. This Court relied upon *United States v. Estep*, 760 F.2d 1060, 1064 (10th Cir. 1985) to enter summary judgment against Mills on his first Cross Claim for the funds and upon *Ziegler v. Inabata of America, Inc.*, 316 F.Supp.2d 980, 916 (D. Colo. 2004), to enter

summary judgment against Mills on his second (alternative) Cross Claim, for a reward. [78, p.3]. Mills analyzed those cases and the cases those cases relied upon and demonstrated that none of those cases support summary judgment against Mills. The RESPONSE does not respond to Mills's dissection of the cases relied upon by this Court, does not attempt to demonstrate that Anderson and/or Majors deserved summary judgment against Mills as a matter of law. This Court's Order [78] entering summary judgment against Mills on his Cross Claims is not supported by the law. It should be vacated, and Mills's Cross Claims should be reinstated.

The RESPONSE [90] discounts the new evidence in this case with a bald denial of the importance of Majors's relinquishing all claims to interpleaded the fund. The RESPONSE, also, argues, without benefit of authority, that Mills's MOTION is untimely. Neither of these arguments defeat Mills's MOTION To Reconsider [83].

## ARGUMENT

### 1. The Caselaw Relied Upon By The Court Does Not Support Summary Judgment Against Mills, and the Caselaw Supplied By The Response Does Not Cure This Court's Mistake.

As shown in Mills's Motion To Reconsider [83], the caselaw upon which this Court relied does not support entry of summary judgment against Mills. Indeed, Mills showed [83, p. 6] that *United States v.Wright*, 610 F.2d 930 (D.C. Cir. 1979)(a case relied upon by this Court through its reliance upon *United States* v. *Estep*, 760 F.2d 1060, 1064 (10th Cir. 1985)), actually **supports** Mills's claim to the interpleaded funds. The RESPONSE does not discuss Mills's dissection of the caselaw upon which this Court relied. Instead, the RESPONSE quotes this Court's Order [78] and re-cites *United States*

*v. Estep*, 760 F.2d 1060, 1064 (10th Cir. 1985) back to this Court. Also on page 2, the RESPONSE dismisses the cases Mills cited for the well–settled common law rule that a thief in possession of stolen goods has an ownership interest superior to the world at large, save one with a better claim to the property, as being "from other jurisdictions," implying that there is a different common law principle at work in Colorado. But the RESPONSE provides no citation to Colorado caselaw espousing a contrary common law principle. The applicable common law rule is as Mills presented it: A thief in possession of stolen goods has an ownership interest superior to the world at large, save one with a better claim to the property.

The RESPONSE cites only one fresh case in its first argument that The Court Properly Dismissed Mills's Claims To The Interpleaded Funds. *Rogers v. People,* 94 P.2d  453, 457 (Colo. 1939), is cited on p. 2 for the proposition that "one doesn't get title to property by theft or by criminal conspiracy, or fraud equivalent thereto." *Rogers* does not cure this Court's mistake. *Rogers* is distinguishable, and the RESPONSE misrepresents the ruling in that case. In *Rogers*, Mr. Rogers was a county commissioner. The ruling relied upon by the RESPONSE actually reads: "But one doesn't get title to property by theft or by criminal conspiracy, or fraud equivalent thereto. This money belonged to Las Animas County." *Rogers,* 94 P.2d 453, 457. Here, ownership of the interpleaded funds has not been established, as it had been in *Rogers*. In its Order [78], this Court did not find that the money belonged to Majors. On page 4 of its Order [78], this Court did find that "There appears to be no evidence that Anderson was involved in the events by which the money came into Mills's possession initially." This is

3

not a finding that the money belonged to Anderson. Majors has relinquished any potential claim that he may have to the funds at issue in this case, as shown in Mills's Motion [83]. Therefore, neither of the other claimants has an ownership interest superior to that of Jerry Mills.

**2. The Relinquishment By Majors Is Substantially Different, New Evidence.**

Next, the RESPONSE argues, beginning on p. 3 and ending 4 lines into page 4, that the formal relinquishment by Wayne Majors of any potential claim that he may have to the interpleaded funds is not substantially different new evidence. The RESPONSE mistakenly cites *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) to support its argument. Mills cited the *Major* case in his MOTION [83, pp. 2-3], and submits that *Major*, 647 F.2d 110, 112, supports reconsideration of this Court's Ruling [78], because the new evidence makes this Court's prior ruling clearly erroneous.

The rationale behind the new evidence exception to the law of the case doctrine is that when the record contains new evidence, "the question has not really been decided earlier and is posed for the first time." *Bridge v. United States Parole Comm'n*, 981 F.2d 97, 103 (3d Cir.1992). Here, Wayne Majors could have had an ownership interest in the interpleaded funds, when this Court made its previous ruling. Indeed, this Court gave Wayne Majors the opportunity "to perfect a claim of ownership of the subject fund," by filing a motion on or before November 18, 2005. Order [78, p. 5]. Now, with Wayne Majors's potential ownership claim out of the evidentiary picture, a finding that Mills stole the money from Majors is not valid. Truly, here, if anywhere, the question (of

Mills's ownership interest in the interpleaded funds) has not really been decided earlier and is posed for the first time. *Bridge*, 981 F.2d 97, 103.

There is not a plethora of caselaw providing specific instruction on this issue of what makes new evidence substantially different enough to warrant revisiting a decision. Wayne Majors's pre-ruling position regarding his ownership interest in the interpleaded funds was ambiguous. This Court found "Indeed, Anderson and Majors have artfully worded their pleadings to avoid directly claiming ownership..." Order [78, pp. 3-4]  Majors's post-ruling position is not ambiguous at all. He has no interest. That is substantially different, material evidence, given this Court's detailed findings regarding how Mills came into possession of the funds that are now interpleaded with this Court. [78, pp. 1-2]. In *Capricorn Power Company, Inc. v. Siemens-Westinghouse Power Corporation,* 324 F.Supp. 2d. 731, 737-739 (W.D. Pa. 2004), the court reconsidered and modified its previous summary judgment decision, because of new evidence about a connecting rod contract. The plaintiff in *Capricorn*, argued that the connecting rod contract was not substantially different, new evidence, much as the Response argues that Wayne Majors's post-ruling, formal relinquishment of his claims to the funds is not substantially different, new evidence. The court in *Capricorn* revisited and modified its previous decision, and so should this Court. *Capricorn,* 324 F.Supp. 2d. 731, was not appealed.

### 3. Mills's Motion To Reconsider Was Timely Filed.

The last, futile, argument presented in the Response [90, p 4] is that "Mills's Motion To Reconsider is untimely." This argument is presented without benefit of

authority. Mills filed his MOTION TO RECONSIDER [83] pursuant to F.R.Civ.P. 54(b), which tells us the time within which one must file a motion to reconsider:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and **the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.** [Emphasis added.]

Until it becomes embodied in a final judgment, a legal ruling remains interlocutory and subject to revision by the court that made it. *See, e.g., United States v. LoRusso,* 695 F.2d 45, 53 (2d Cir.1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment...."); *Collins v. State,* 60 F.3d 837 (Table), 1995 WL 405112, at *1 (10th Cir.1995) (unpublished disposition) ("All orders prior to the district court's final order ... were interlocutory; that is, subject to change while the case was ongoing."). Because a judgment adjudicating all the claims and the rights and liabilities of all the parties in this case has not yet entered, this Court's ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [78] is subject to revision, and Mills's MOTION TO RECONSIDER [83] was timely filed, pursuant to F.R.Civ.P. 54(b).

## CONCLUSION

For the reasons stated above and in MILLS'S MOTION [83] TO RECONSIDER RULING [78] ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS IT APPLIES TO HIS CROSS CLAIMS, this Court should revisit that ruling and should reverse its entry of summary judgment dismissing Mills's Cross Claims and reinstate them.

Dated: February 2, 2006

RESPECTFULLY SUBMITTED,

/s/ Steven Janiszewski
Steven Janiszewski
*RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS*
7979 East Tufts Avenue Parkway, Suite 1300
Denver, Colorado 80237
Phone:      (303) 298-7392
Fax:    (303) 298-1319
ATTORNEY FOR DEFENDANT JERRY MILLS

## CERIFICATE OF SERVICE

I hereby certify that on February 2, 2006, I electronically filed the foregoing **REPLY BRIEF RE: DEFENDANT JERRY MILLS'S MOTION TO RECONSIDER RULING [78] ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS IT APPLIES TO HIS CROSS CLAIMS, WITH INCORPORATED AUTHORITY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses

James S. Russell
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202
James.Russell2@usdoj.gov

Richard B. Caschette
Starrs Mihm & Caschette LLP
1675 Broadway, Suite 1800
Denver, Colorado
rcachette@starrslaw.com

/s/ Steven Janiszewski