IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-637-REB-PAC

**UNITED STATES OF AMERICA**
    Plaintiff,

v.

**LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER,
and JERRY MILLS,**
    Defendants.

---

**DEFENDANT JERRY MILLS'S OBJECTIONS TO NONDISPOSITIVE
RULING [93] OF MAGISTRATE JUDGE COAN**

---

**COMES NOW** Defendant Jerry Mills, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and pursuant to F.R.Civ.P. 72(a), Objects to the nondispositive ruling [93] entered by Magistrate Judge Patricia A. Coan on January 31, 2006.

**Issues Presented For Review**

1. Did the Magistrate Judge err in not treating Anderson's MOTION FOR RELEASE OF INTERPLEADED FUNDS [80] as a Motion for Summary Judgment on Anderson's Civil Theft COUNTERCLAIM [16, pp. 3-5] against Mills?

2. Did the Magistrate Judge exceed the authority granted by this Court's referral by deciding a threshold issue of law, to wit: Jerry Mills's standing to respond To Anderson's MOTION FOR RELEASE OF INTERPLEADED FUNDS [80]?

3. Did the Magistrate Judge violate Mills's due process right to a hearing by denying him active participation in the upcoming February 16, 2006, evidentiary hearing, at which Anderson will attempt to prove the elements of her COUNTERCLAIM against Mills for Civil Theft, under Section 18-4-405, C.R.S., which is a criminal statute that imposes a penalty?

4. Would it serve the interests of judicial economy to stay the evidentiary hearing, currently set for February 16, 2006, until after this Court rules on Mills's Objections to the Magistrate Judge's ruling [93], decides the true nature of Anderson's MOTION FOR RELEASE OF INTERPLEADED FUNDS, and decides the issue of Mills's standing to respond to Anderson's Motion For RELEASE OF INTERPLEADED FUNDS [80]?

### Course Of Proceedings Relevant To Objections

5. On October 19, 2005, this Court entered its ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [78]. With full knowledge of the claims filed in these proceedings, this Court determined that

> There appears to be no evidence that Anderson was involved in the events by which the money came into Mills's possession initially,[4] although she is the person whom defendants in their answer request be awarded the fund. [4] Indeed, in their answer, Anderson and Majors deny that they sent Mills to Las Vegas or ever directed him to take possession of the money. (Answer at 2, ¶ 7 [#10], filed May 2, 2005.)

ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, #78, p. 2.

That ORDER [78] reads in pertinent part, on page 5:

> THERERFORE, IT IS ORDERED as follows:
>
> (4) That if Anderson and Majors, or either of them, wishes to perfect a claim of ownership of the subject fund, any such motion **SHALL BE**

>**FILED** by November 18, 2005, or this matter will be administratively closed pursuant to **D.C.Colo.LCivR 41.2.**

This Court's ORDER [78] necessarily required a motion that would present a claim of ownership that this Court had not yet considered when it signed that ORDER [78]. An inescapable corollary of this Court's ORDER [78] is that neither Anderson nor Majors had perfected a claim to the money at that time.

6. Instead of complying with this Court's ORDER [78], Leah Anderson filed a MOTION FOR RELEASE OF INTERPLEADED FUNDS [80] (hereafter, MOTION FOR FUNDS), in which she argues for judgment on her COUNTERCLAIM [16, pp. 3-5].

Please, actually compare [80] with [16, pp. 3-5].

Mills responded [81] to Anderson's MOTION FOR FUNDS, pointing to the fact that the substance of Anderson's MOTION FOR FUNDS is identical to the substance of her COUNTERCLAIM against Mills, to wit: Anderson saved up the funds now held by the Court, and Mills stole said savings from her brother's attic. Anderson also attached affidavits and volumes of exhibits to her MOTION FOR FUNDS [80] and asked this Court to give her the funds.  Anderson's Motion For Funds [80] has the content, trappings, and dispositive purpose of a Motion For Summary Judgment. Therefore, Anderson's MOTION FOR FUNDS should be treated as a Motion For Summary Judgment. To his RESPONSE [81] Mills attached excerpts of the deposition of Detective Chavez and the Affidavit of Jerry Mills, which raised genuine issues of fact regarding Mills's alleged theft of the funds from the attic, barring summary judgment. One quote from Detective Chavez is: "Jerry Mills did not take money from the attic of that house." [81, p.8] Another quote

from Chavez about the money is: "It was moldy. Dirty. It was even deteriorating—some of the money was deteriorating." [81, p.7].

7. On December 16, 2005, Anderson filed her REPLY IN SUPPORT OF MOTION FOR RELEASE OF INTERPLEADED FUNDS TO LEAH ANDERSON [82]. The first argument Anderson presents in her REPLY is: "**JERRY MILLS LACKS STANDING TO OPPOSE THE RELEASE OF THE INTERPLEADED FUNDS TO ANDERSON, AND HIS RESPONSE SHOULD BE STRICKEN.**" [82, p. 1]. Emphasis in the Original.

### Legal Issues Raised By the Briefs

8. It is well established that the title of a motion does not determine how it is to be treated by the court. The substance or content of a motion determines how it is treated by the Court. *Alexander v. Oklahoma*, 382 F.3d 1206, 1213-1214 (10th Cir. 2004). Here, Anderson filed a MOTION FOR FUNDS [80], supported by affidavits and voluminous exhibits, that attempts to establish facts alleged in her COUNTERCLAIM against Mills [16, pp. 3-5]. Anderson's MOTION FOR FUNDS is in substance and content a *de facto* MOTION FOR SUMMARY JUDGMENT on her COUNTERCLAIM for Civil Theft against Mills. Therefore, it should be treated a motion for summary judgment on her COUNTERCLAIM. Mills raised this issue in his RESPONSE [81, p. 2-3].

9. Standing is an issue of law, and the standard of review is *de novo. London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1251 (11th Cir. 2003). *See State of Utah v. Babbitt,* 137 F.3d 1193, 1201 (10th Cir. 1998)(Standing is but one of several gatekeepers founded in concern about the proper role of the courts in a democratic society.). Thus, another well-recognized legal issue, standing, was boldly, one might

4

say, flagrantly, raised in the briefs on Leah Anderson's MOTION FOR FUNDS. Standing is not any ordinary legal issue. Standing is a threshold issue and must be decided before the other issues raised by Anderson's MOTION FOR FUNDS can be addressed. *See City of Albuquerque v. U.S. Dept. of Interior,* 379 F.3d. 901, 911 (10th Cir. 2004).

10. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Stanko v. Maher*, 419 F.3d 1107, 1115 (10th Cir. 2005). Although Mills's claims to the interpleaded fund have been dismissed, he still has a property interest in defending Anderson's claim against him that the interpleaded funds consist of her personal savings, which Mills stole from her brother's attic. The evidentiary hearing to be held by the Magistrate Judge on February 16, 2006, is the only meaningful time for Mills to be heard on these issues. This is true, because the only way that Anderson can connect herself to the interpleaded funds is by proving that Mills stole those very funds from her brother's attic. If she can prove that nexus at the hearing, she will have also won her COUNTERCLAIM for Civil Theft against Mills. If a determination is made that Mills committed acts of theft, Anderson may recover treble damages, attorney fees, and costs under Section 18-4-405, C.R.S. *Itin v. Ungar*, 17 P.3d 129, 133 (Colo. 2000). Mills has a property interest in the money that he would have to pay as a penalty imposed by Section 18-4-405, C.R.S. Therefore, he is entitled to be heard at any evidentiary hearing held by Magistrate Judge Coan on ANDERSON'S MOTION FOR FUNDS [80]. *Stanko,* 419 F.3d 1107, 1115.

**The Magistrate Judge's Designated Authority**

11. On January 17, 2006, Magistrate Judge Coan entered a MINUTE ORDER [86] that "a three hour **evidentiary hearing** on the Motion to Release Interpleaded Funds to Leah Anderson, Doc. #80, is set for **February 16, 2006** at 9:00 a.m. in Courtroom A-501, 901 19th St. Denver, CO 80294." Emphasis in the original.

12. On January 18, 2006, this Court issued its AMENDED ORDER OF REFERENCE TO UNITED STATES MAGISTRATE JUDGE [87], which designated United States Magistrate Judge Patricia A. Coan to, among other things, "Conduct hearings, including **evidentiary hearings**, and submit proposed findings of fact and recommendations for rulings on dispositive motions." Emphasis in the original. That this referral came *after* Magistrate Judge Coan set the matter for hearing is probably, jurisdictionally, problematic. This problem could be easily cured and should be.

13. Note that this Court did not designate Magistrate Judge Coan to decide threshold legal issues on dispositive motions. Note, also, that Magistrate Judge Coan's Minute Order [86] does not advise that she will decide the threshold legal issue of Mills's standing but only that she will conduct a three-hour evidentiary hearing.

14. On January 18, 2006, Anderson filed an UNOPPOSED MOTION FOR STATUS CONFERENCE [88].

15. On January 19, 2006, Magistrate Judge Patricia A. Coan issued an ORDER [91] setting a telephone status conference on January 31, 2006 at 9:00 a.m.

**Legal Issues Raised By The Designation of Authority**

6

16. Pursuant to the Amended Order of Reference [87], **Magistrate** Judge Coan has **authority** under 28 U.S.C. § **636(b)(1)(B)**) to submit proposed findings of fact and a recommendation regarding Anderson's MOTION FOR FUNDS [80]. *See*, *Bailey v. United States Department of Agriculture*, 59 F.3d 141,142 (10th Cir. 1995). Here, Magistrate Judge Coan did not make a recommendation regarding the threshold issue of Mills's standing to respond to Anderson's MOTION FOR FUNDS; she decided that issue, and she exceeded her authority by doing so.

### The Transcript Will Be Necessary For Review

17. During the telephone conference on January 31, 2006, Richard B. Caschette, lead counsel for Anderson, suggested that Mills should not be allowed to participate in the evidentiary hearing set for February 16, 2006, because his claims to the interpleaded funds had been dismissed. While it is true that Mr. Caschette led Magistrate Judge Coan into error, the error is, nonetheless, hers.

18. Undersigned counsel for Mills explained that the issue of Mills's standing had been raised in the briefs and needed to be decided by the judge. He also explained that Mills has already responded to Anderson's MOTION FOR FUNDS [80], upon which the evidentiary hearing is set, in writing, and has presented evidence in the form of an affidavit and an excerpt from a deposition with his RESPONSE [81].

19. Mills explained that Anderson's MOTION FOR FUNDS is, actually, a Motion For Summary Judgment on Anderson's COUNTERCLAIM FOR CIVIL THEFT (as he does in his RESPONSE [81]); and, that Mills does not ask for the interpleaded funds in his RESPONSE but merely defends the allegation that he stole Anderson's money from her brother's

7

attic. Mills argued that he should be allowed to participate in any hearing that may establish the elements of Anderson's Civil Theft COUNTERCLAIM against him; and, that he should be allowed to present evidence disproving said allegations at the evidentiary hearing, where evidence supporting said allegations will be presented.

20. Magistrate Judge Coan stated that she had not read the briefs.

21. Magistrate Judge Coan ruled that she was not conducting a hearing on Anderson's COUNTERCLAIM; that Mills's claims for the interpleaded funds had been dismissed; and, therefore, he would not be allowed to participate in the evidentiary hearing set for February 16, 2006, at 9:00 a.m. In writing, the Magistrate Judge simply ruled that: "Jerry Mills and his counsel may attend the evidentiary hearing on the Motion to Release Interpleaded Funds to Leah Anderson set for February 16, 2006 at 9:00 a.m., but they may not actively participate in the hearing." [93, a copy of which is attached as Exhibit A, for the Court's convenience]

22. The transcript of the twelve-minute telephone status conference at issue will be necessary for review, and counsel ordered it from Avery Reporting Services early in the morning of February 2, 2006. Avery should be able to provide said transcript of the telephone status conference by February 14, 2006.

## CONCLUSION

Here, the Magistrate Judge's ruling satisfies the "dead fish" test espoused by Judge Kane in *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131,134 (D. Colo. 1996). Defendant Jerry Mills prays that this Honorable Court reverse the Magistrate Judge's ruling [93] and direct that Mills must be allowed to participate in a meaningful

8

manner in any evidentiary hearing held on Anderson's MOTION FOR RELEASE OF INTERPLEADED FUNDS [80]. Mills also prays that this Court stay any proceedings by the Magistrate Judge on Anderson's MOTION FOR RELEASE OF INTERPLEADED FUNDS [80] until after: 1. This Court resolves Mills's Objections to the Magistrate's ruling; 2. This Court decides the true nature of Anderson's MOTION FOR RELEASE OF INTERPLEADED FUNDS [80], and 3. This Court decides the threshold issue of Mills's standing to respond to Anderson's MOTION FOR RELEASE OF INTERPLEADED FUNDS [80], which is raised by the briefs [81], and [82].

Dated: February 3, 2006

                    RESPECTFULLY SUBMITTED,

/s/ Steven Janiszewski
Steven Janiszewski
RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS
7979 East Tufts Avenue Parkway, Suite 1300
Denver, Colorado 80237
Phone:	(303) 298-7392
Fax:	(303) 298-1319
ATTORNEY FOR DEFENDANT JERRY MILLS

### CERIFICATE OF SERVICE

I hereby certify that on February 3, 2006, I electronically filed the foregoing **DEFENDANT JERRY MILLS'S OBJECTIONS TO NONDISPOSITIVE RULING [93] OF MAGISTRATE JUDGE COAN** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses

James S. Russell
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202
James.Russell2@usdoj.gov

Richard B. Caschette
Starrs Mihm & Caschette LLP
1675 Broadway, Suite 1800
Denver, Colorado
rcachette@starrslaw.com

/s/ Steven Janiszewski_____