IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-637-REB-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

    Defendants.

**RESPONSE TO DEFENDANT JERRY MILLS'S OBJECTIONS TO NONDISPOSITIVE RULING [93] OF MAGISTRATE JUDGE COAN**

Defendants / Cross-Claimants Leah Anderson and Wayne Majors, through their attorneys Richard B. Caschette, Ross W. Pulkrabek, and Justin G. Blankenship of the law firm Starrs Mihm & Caschette LLP, submit the following response to Defendant Jerry Mills's Objections to Nondispositive Ruling [93] of Magistrate Judge Coan [docket # 95] ("Objections"):

**I.    LACK OF CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1A**

Mills failed to confer with counsel for Anderson and Majors prior to filing his Objections.  *See* D.C.COLO.LCivR 7.1A.  "Motions that are . . . filed without a certification pursuant to D.C.COLO.LCivR 7.1A will be denied without prejudice *sua sponte*."  REB Civ. Practice Standard V.B.1.  Accordingly, the Court should deny Mills's Objections.

## II.	STANDARD OF REVIEW

Mills assigns error to Magistrate Judge Coan's Minute Order [#93] of January 31, 2006.  Judge Blackburn may modify or set aside any portion of Magistrate Judge Coan's order "found to be clearly erroneous or contrary to law."  Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  For his part, Mills seems to prefer the picturesque "dead fish" test, under which objections to a magistrate judge's rulings are denied unless they "strike [the district court judge] as wrong with the force of a five-week-old, unrefrigerated dead fish."  *Ariza v. U.S. West. Communications, Inc.,* 167 F.R.D. 131, 134 (D. Colo. 1996) (cited in Objections at 8).

For the reasons set forth below, Mills has not met his burden of demonstrating that Magistrate Judge Coan's rulings were clearly erroneous or contrary to law.  The "dead fish" test favored by Mills plainly is not satisfied.

## III.	RESPONSE TO "ISSUES PRESENTED FOR REVIEW"

**A.	Response to Issue #1:** Magistrate Judge Coan has <u>not</u> clearly erred by declining to treat the Motion for Release of Interpleaded Funds to Leah Anderson [#80] as a motion for summary judgment on Anderson's counterclaim against Mills for civil theft.  Anderson has requested only that the interpleaded funds be released to her.  *See* Motion for Release of Interpleaded Funds to Leah Anderson at 10.  She has not moved for entry of judgment on her claim for civil theft against Mills.  *See id.*  Because Anderson has not moved for summary judgment against Mills on her claim for civil theft, it would be inappropriate for this Court to treat the Motion for Release of Interpleaded Funds to Leah Anderson as such.  A trial on Anderson's counterclaim against Mills for

civil theft is scheduled for July 31, 2006.

   **B.**  **Response to Issue #2:** Magistrate Judge Coan did <u>not</u> exceed her authority by ruling that Mills could be present but would not be allowed to participate actively in the February 16, 2006 evidentiary hearing on the Motion for Release of Interpleaded Funds to Leah Anderson.  *See* Courtroom Minutes / Minute Order [#93].  On January 18, 2006, Judge Blackburn ordered Magistrate Judge Coan to "conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions."  Amended Order of Reference to United States Magistrate Judge [#87].  Based on the timing of that order, Judge Blackburn presumably intended Magistrate Judge Coan to conduct the evidentiary hearing on the Motion for Release of Interpleaded Funds to Leah Anderson.

  The authority to make rulings limiting the issues raised and evidence presented at the February 16, 2006 evidentiary hearing is part and parcel of the authority that Judge Blackburn granted to Magistrate Judge Coan.  Based on Judge Blackburn's order dismissing Mills's claims to the funds with prejudice, *see* Order re: Defendants' Motion for Summary Judgment at 4 [#78], Magistrate Judge Coan properly ruled that Mills would be permitted to attend but not actively participate in the evidentiary hearing due to his lack of standing..

  Judge Blackburn, not Magistrate Judge Coan, made the dispositive ruling dismissing Mills's claim to the funds.  *See id.*  The conclusion that Mills does not have standing to participate in the February 16, 2006 hearing follows logically from Judge Blackburn's dismissal of Mills's claims to the funds.  Magistrate Judge Coan has not

3

exceeded her authority by making any dispositive rulings against Mills.  Her ruling that Mills may not present evidence and argument at the February 16, 2006 hearing is not dispositive of any claim or any defense raised by Mills to Anderson's counterclaim.

Finally, there is no question that Magistrate Judge Coan has authority under Fed.R.Civ.P. 72(b) to make recommendations as to whether the interpleaded funds should be released to Anderson.  By arguing that Magistrate Judge Coan erred by "not mak[ing] a recommendation regarding the threshold issue of Mills's standing to respond to Anderson's Motion for Funds," Opposition at 7, Mills seems to be suggesting that Magistrate Judge Coan must make her recommendations in a piecemeal fashion.  Piecemeal recommendations certainly are not required under Fed.R.Civ.P. 72(b).  Magistrate Judge Coan's decision not to hear evidence and argument from Mills at the February 16, 2006 hearing will be reviewable by Judge Blackburn pursuant to Fed.R.Civ.P. 72(b) after she makes her recommendations regarding the Motion for Release of Interpleaded Funds to Leah Anderson.  *See* Fed.R.Civ.P. 72(b) (providing that, among other things, the district court judge may receive further evidence or recommit the matter to the magistrate judge with instructions).

**C.     Response to Issue #3:** Magistrate Judge Coan did not violate Mills's due process rights by ruling that he may not participate at the evidentiary hearing on February 16, 2006.  As stated above, Mills has no interest in the interpleaded funds or their disposition.  There is no basis for Mills's contention that Anderson has moved for judgment on her counterclaim against Mills for civil theft, and that certainly is not the purpose of the upcoming evidentiary hearing.  Mills has no due process right to be

heard at the February 16, 2006 hearing.

  **D.**  **Response to Issue #4:** The three-hour evidentiary hearing scheduled for February 16, 2006, should <u>not</u> be stayed.  Although Mills asks the Court to stay the hearing until it decides whether he has standing to oppose the Motion for Release of Interpleaded Funds to Leah Anderson, that issue has, for all practical purposes, already been decided.  Judge Blackburn ruled that Mills has no claim to the funds.  *See* Order re: Defendants' Motion for Summary Judgment at 4.  It directly follows that Mills has no standing to oppose Anderson's claim to the funds or to participate in the February 16, 2006 hearing.

  The only issue to be decided at the evidentiary hearing is whether Anderson can prove by a preponderance of the evidence that the interpleaded funds belong to her.  Anderson can present evidence in support of her claim within the three hours allotted by the Court.  Mills's liability for civil theft and treble damages under section 18-4-405, C.R.S. is not at issue and need not be decided at this time.

  Anderson has been deprived of her money for more than a year.  By promptly setting Anderson's motion for hearing, the Court is doing its best to try to provide her with a "just, speedy, and inexpensive determination" of her claim to the funds.  Fed.R.Civ.P. 1.  Mills has no interest in the disposition of the funds, and his incessant efforts to stymie Anderson's recovery of the funds constitutes harassment.  The Court should not stay the hearing on the Motion for Release of Interpleaded Funds to Leah Anderson.

### IV. A DETERMINATION THAT ANDERSON IS ENTITLED TO THE FUNDS DOES NOT PRECLUDE MILLS FROM DEFENDING AGAINST ANDERSON'S COUNTERCLAIM.

If Mills is suggesting that the release of funds to Anderson will preclude him from later defending himself against Anderson's counterclaim for civil theft, he is mistaken. Releasing the funds to Anderson will not preclude Mills from defending himself against the counterclaim for civil theft, if for no other reason, because he will not be allowed to participate at the February 16, 2006 hearing.  *Cf. In re Estate of H. A. True,* 390 F.3d 1210, 1232 (10th Cir. 2004) (a party against whom collateral estoppel is asserted must have been a party to the prior adjudication and have had a "full and fair opportunity to litigate the issue").

WHEREFORE, Defendants Leah Anderson and Wayne Majors respectfully request that the Court DENY Defendant Jerry Mills's Objections to Nondispositive Ruling [93] of Magistrate Judge Coan.

Respectfully submitted February 7, 2006.

> s/ Ross W. Pulkrabek
> Richard B. Caschette
> Ross W. Pulkrabek
> Justin G. Blankenship
> STARRS MIHM & CASCHETTE LLP
> 1675 Broadway, Suite 1800
> Denver, CO 80202
> Phone:  (303) 592-5900/Fax: (303) 592-5910
> rcaschette@starrslaw.com
> rpulkrabek@starrslaw.com
> blankenship@starrslaw.com
> *Attorneys for Defendants Leah Anderson and Wayne Majors*

CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen,
Orbison & Lewis, Inc.
7979 E. Tufts Avenue Parkway, Ste 1300
Denver, Colorado 80237
sjaniszewski@riggsabney.com

s/ Ross W. Pulkrabek
Richard B. Caschette
Ross W. Pulkrabek
Justin G. Blankenship
STARRS MIHM & CASCHETTE LLP
1675 Broadway, Suite 1800
Denver, CO 80202
Phone:  (303) 592-5900/
Fax:  (303) 592-5910

rcaschette@starrslaw.com
rpulkrabek@starrslaw.com
jblankenship@starrslaw.com
*Attorneys for Defendants Leah Anderson
and Wayne Majors*

7