# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 05-cv-00637-REB-PAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEAH ANDERSON, WAYNE MAJORS, WESLEY METZGER, and JERRY MILLS,

    Defendants.

---

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

---

**Blackburn, J.**

The matter before me is **Defendant Jerry Mill's Motion to Reconsider Ruling [78] on Defendants' Motion for Summary Judgment as it Applies to His Cross Claims, With Incorporated Authority** [#83], filed January 13, 2006.  I deny the motion.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).  None of these bases pertains to in this instance.  Mills's claim that this case is now differently postured than it was at the time of my ruling on Anderson and Majors's summary judgment motion because Majors has now formally relinquished any claim to the subject fund is both specious and disingenuous.  Mills's response to the motion for summary judgment not only recognized but was partially premised on his recognition that Majors had asserted no claim to the fund.

(*See* Response to Motion for Summary Judgment at 2-3, 4 [#70], filed September 19, 2006.)  Clearly, the subsequent formalization of that relinquishment does not constitute new evidence warranting reconsideration of the motion.

Mills's suggestion that I misapprehended the relevant law provides no grounds for reconsideration either.  His motion presents nothing to convince me that I have "misapprehended the facts, [his] position, or the controlling law.  [A motion to reconsider] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id*.; *see also All West Pet Supply Co. v. Hills' Pet Products Division, Colgate-Palmolive Co.*, 847 F.Supp. 858, 860 (D. Kan. 1994) ("'[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend.'") (citation omitted).  Accordingly, the motion for reconsideration should be denied denied.

**THEREFORE, IT IS ORDERED** that **Defendant Jerry Mill's Motion to Reconsider Ruling [78] on Defendants' Motion for Summary Judgment as it Applies to His Cross Claims, With Incorporated Authority** [#83], filed January 13, 2006, is **DENIED**.

Dated February 9, 2006, at Denver, Colorado.

**BY THE COURT:**

_____
**Robert E. Blackburn**
**United States District Judge**

2